## FOLSOM ET AL VS HUNTER, ET AL.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 156).

1. *Forcible Entry and Detainer—Title.*

The question of title is not involved in a suit for unlawful detainer, except so far as tending to show the plaintiff's right to possession.

2. *Same—Complaint—Necessary Allegations.*

In an action of forcible detainer the complaint must show that the relation of landlord and tenant exists between plaintiff and defendant, or that the defendant by force of arms ousted plaintiff from possession

3. *Same—Damages—Evidence.*

In an action of forcible entry and detainer plaintiff gave bond and obtained a writ of possession. Plaintiff refused to amend his complaint after the court had sustained a demurrer thereto, whereupon the action was dismissed, the property ordered returned to defendant, and taxed the costs against plaintiff. *Held;* It was the duty of the court to grant defendant a writ of inquiry to assess defendant's damages, and the fact that defendant gave a retaining bond is conclusive evidence that he had possession of the property from then until the judgment for damages.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, June 22, 1904.

Action by I. W. Folsom and others against J. C. Hunter and others. From a judgment in favor of defendants, plaintiffs appeal. Affirmed.

*L. S. Dolman,* for appellants

LAWRENCE, J.    June 19, 1903, appellant (plaintiff below) filed his amended complaint, in which he complained of J. C. Hunter, W. L. Wills, Lawrence Arnold, J. W. Thrasher, Wilson Weaver, J. P. Plank, J. R. Williams, W. H. H. Keltner, and H. B. Carpenter, alleging that he is a Choctaw Indian by blood, and all the defendants are citizens of the United States, and not members of any tribe of Indians, except said Keltner, who claims to be a member of the Choctaw tribe by marriage. For cause of action he says:   That he is the owner of and entitled to the immediate possession of 300 acres of land, describing it.    That he claims title by virtue of being a member of said tribe of Indians, on the roll as such, and also that Israel Folsom, a member of said tribe by blood, segregated the said described land from the public Chickasaw and Choctaw domain, took possession by inclosing it with a fence and putting it into a state of cultivation.   That said Israel Folsom died, and his representatives conveyed same to his brother, Don Folsom, a member of said tribe by blood, who conveyed it to H. G. McBride, a member of said tribe by blood, and that said McBride conveyed the same to this plaintiff.   That at the time of said segregation no other member of either the Choctaw or Chickasaw tribes of Indians had or made any claim to said land, except those herein mentioned.   That at the time this action was begun, September 6, 1900, plaintiff had selected said land as his allotment, and was not then occupying, using, or claiming more than the pro rata share of Chickasaw or Choctaw land for himself and family, and at the commencement of the action was the owner and entitled to the immediate possession of said described land.   In the year 1898, while said land belonged to said McBride, J. C. Pelton was occupying same as a subtenant of McBride.   That his time expired December 31, 1898.   December 15, 1898, J. C. Hunter, defendant, entered upon said land under an agreement with Pelton to assist him in gathering his crop for the use of a house, and Hunter's right of occupancy

expired December 31, 1898, and he never had any other right of occupancy. McBride conveyed to plaintiff August 26, 1899, a copy of the deed, being attached as Exhibit A. Plaintiff has notified said Hunter, defendant, in writing, to vacate said premises and deliver same to plaintiff, and defendant has refused to do so, and has so unlawfully possessed same since January 1, 1899. At daybreak January 1, 1901, the other said defendant, armed with guns and pistols, and at the instance of defendant Hunter, unlawfully and forcibly entered upon a portion of said premises and ejected the tenants of plaintiff who were then occupying a part thereof, and by reason thereof plaintiff has been damaged in the sum of $1,000. Plaintiff asks for summons for defendants, judgment for possession, and for damages and costs.

June 21, 1904, defendant S. H. Butler, special administrator of J. C. Hunter, deceased, filed demurrer to said amended complaint, and same was sustained by the court June 22, 1904, and, plaintiff declining to further amend, the action was ordered dismissed at cost of plaintiff, for which judgment was rendered, to which plaintiff duly excepted. At the commencement of the action plaintiff gave bond in the sum of $1,000, with sureties, whereupon a writ of possession issued, which was executed and possession delivered to plaintiff as shown by return of officer filed in the court. Upon motion of defendant a writ of inquiry was issued after rendition of said judgment, and damages assessed by a jury, finding damages in favor of defendant and against plaintiff and his sureties in the sum of $1,560, for which judgment was rendered, and plaintiff excepted and moved for a new trial, which motion was over-ruled, and plaintiff excepted.

- Appellant assigns a number of alleged errors, all embraced in the following named: Error of court in sustaining

demurrer to amended complaint. Error in permitting witness Plant to testify as to the reasonable rental value of place for the years 1901, 1902, and 1903, over objection of plaintiff. Error in the court refusing to allow plaintiff to show by witness McLamore, the officer who executed the writ of possession, whether or not he did actually dispossess anyone from the premises in question, and that he only removed defendant Keltner. Error in refusing plaintiff to prove by witness Westmoreland that Keltner, defendant, had a crop on the place in 1901, and also by the same witness how much of said place was claimed by defendant Hunter. Error of the court in instructing the jury to return a verdict for the reasonable rental value of the place for the years 1901, 1902, and 1903. Error of the court in not rendering judgment in favor of all the defendants named in the writ against the plaintiff.

Only three errors are necessary to be considered. First, as to the sustaining of demurrer to the amended complaint; second, as to the admission of, and refusal to admit, certain evidence over objections of appellant; and, third, as to the instructions of the court to the jury. The action sought to be brought was forcible detainer, under the statute. At common law forcible entry and forcible detainer were distinct actions —criminal and not civil. The statute providing for their trial as civil actions confined them to two conditions of fact— the one when a tenant wrongfully held over after the expiration of his term and refused to surrender after demand, and the other where a stranger by force and violence wrongfully and unlawfully gained possession. The question of title is not involved in this action, and is immaterial, except so far as tending to show the plaintiff's right of present possession. Under this action the complaint must necessarily show, by apt pleading, that either the relation of landlord and tenant exists between plaintiff and defendant, or that defendant

by force and arms ousted the plaintiff from possession. There can be no serious contention that the amended complaint in this case does clearly and by apt words show that either of such state of facts existed when the action was begun. If all the facts were proved as alleged, the verdict and judgment should have been in favor of defendant and against plaintiff. For the same reason, it was proper that a demurrer should be interposed, sustained, and, upon refusal of plaintiff to amend, it was the duty of the court to dismiss the complaint and render judgment for the return of the property to defendant, and for costs. It became, and was, the duty of the court, upon motion of defendant, to award him a writ of inquiry for a jury to assess the damages, and thereon to render judgment against plaintiff therefor. This the court did. The record shows that plaintiff gave a bond for possession for $1,000 at the commencement of the action, and thereby obtained a writ of possession, which was duly executed, as shown by the officer's return, which was conclusive evidence in the proceeding for award of damages that he had possession from then until the judgment for damages. The court did not err in allowing proof thereunder, did not err in refusing plaintiff's motion to exclude same, and did not err in instructing the jury that the measure of damages was the reasonable rental value of the premises from the service of said writ of possession until day of judgment.

There being no error, judgment is affirmed.

GILL, C. J., and CLAYTON and TOWNSEND, JJ., concur.