HARTZOG et al. v. SEEGER COAL CO.

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1914. Rehearing Denied Feb. 28, 1914.)

1. APPEAL AND ERROR (§ 100*)—DECISIONS REVIEWABLE—INJUNCTION.

Rev. Civ. St. 1911, art. 4644, gives no right of appeal from an order refusing to dissolve an injunction, but allows an appeal only from an order granting or dissolving a temporary injunction, in which case the transcript must be filed in the appellate court within 15 days after the making and entering of such order. In a suit to enjoin defendants from the prosecution of a pending action, the court, on September 24th, entered a temporary restraining order, which provided that, after plaintiff had filed a proper bond, the order would issue, and that defendants should be notified to show cause why such order should not be continued in force and the other relief prayed for be granted; and, on October 3d, after a hearing, the former order was made permanent, from which order defendants appealed and filed a transcript on October 14th. Held, that the first order was only intended to operate pending the hearing so that the appeal was from an order granting a temporary injunction, and that, the transcript having been filed in time, the appeal would not be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

2. INJUNCTION (§ 150*)—"RESTRAINING ORDER."

A "restraining order" is an interlocutory order, made by a court in equity upon an application for an injunction and as part of the motion for a preliminary injunction, by which the party is restrained pending a hearing of the motion.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 335; Dec. Dig. § 150.*

For other definitions, see Words and Phrases, vol. 7, pp. 6183, 6184.]

3. LANDLORD AND TENANT (§ 63*)—DEFENSES —FRAUD.

Defendant, in an action of forcible detainer, may prove any facts not inconsistent with the title under which he went into possession, such as fraud affecting the right of possession, and showing that his right to occupancy existed when suit was brought, although such fact may be connected with the title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–163, 165–167, 169, 172–176; Dec. Dig. § 63.*]

4. LANDLORD AND TENANT (§ 63*)—DEFENSES —SUBSEQUENTLY ACQUIRED TITLE.

Defendant, in an action of forcible detainer, may show that, subsequent to his entry under a lease, he has himself acquired the lessor's title, either from the lessor or from some one else, as title under an execution sale against the lessor, and thus indirectly raise the question of title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 159–163, 165–167, 169, 172–176; Dec. Dig. § 63.*]

5. LANDLORD AND TENANT (§ 68*)—ATTORNMENT.

A tenant in possession may lawfully attorn to a third party who has purchased the landlord's title at execution sale.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 158, 210–214; Dec. Dig. § 68.*]

6. INJUNCTION (§ 26*)—GROUNDS—ADEQUATE REMEDY AT LAW.

Where defendant, in an action of forcible entry and detainer, could set up the fact of fraud affecting the right of possession, but only incidentally involving the title, there was an adequate remedy at law, and hence the action would not be enjoined on the ground that there was such a defense.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 24–49, 54–61; Dec. Dig. § 26.*]

7. COURTS (§ 472*)—CONCURRENT JURISDICTION OF JUSTICE COURT AND DISTRICT COURT.

A lessor suing for possession in a district court is not thereby precluded from suing in the justice court in an action of forcible detainer to recover possession, since, while the district court is an appropriate tribunal for the trial of the mere right to possession, its jurisdiction in this respect is concurrent with that of the justice court, so that, two remedies not being inconsistent, may be followed concurrently.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. § 472.*]

8. JUDGMENT (§ 891*) — LIABILITY — DISCHARGE.

A satisfaction of a lessor's action for the possession brought in the district court, or a satisfaction of his action of forcible detainer brought in the justice court, would be a satisfaction as to both remedies.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1702, 1703; Dec. Dig. § 891.*]

9. ABATEMENT AND REVIVAL (§ 4*)—PENDENCY OF OTHER ACTION—EFFECT.

The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on

the same cause of action in courts of the same jurisdiction is not enforced in this state.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25-38; Dec. Dig. § 4.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by the Seeger Coal Company against C. B. Hartzog, J. B. Seeger, and another, for damages and to enjoin Hartzog and Seeger from prosecution of a pending forcible detainer suit. Injunction granted, and defendants Hartzog and Seeger appeal. Motion to dismiss appeal overruled, judgment reversed, and injunction dissolved.

Cecil L. Simpson, of Dallas, for appellants. Davidson & Davidson, of Dallas, for appellee.

TALBOT, J. This suit was instituted in the district court of Dallas county, on September 24, 1913, by the Seeger Coal Company v. C. B. Hartzog, J. B. Seeger, and the Home Investment & Loan Company, to recover damages, and to enjoin J. B. Seeger and appellant C. B. Hartzog from prosecuting a certain forcible detainer suit pending in justice court, precinct No. 1, Dallas county, Tex., wherein C. B. Hartzog is plaintiff and the Seeger Coal Company and J. B. Seeger are defendants. The day the suit was filed, to wit, September 24, 1913, Hon. Kenneth Foree, judge of said district court, issued a temporary restraining order, restraining C. B. Hartzog and J. B. Seeger from prosecuting said suit in said justice court, and on October 3, 1913, in vacation, Judge Foree, after a hearing, entered an order adjudging and decreeing that said temporary restraining order be continued in force, and that said C. B. Hartzog and J. B. Seeger be enjoined from the further prosecution of said forcible detainer suit. The fiat of the judge indorsed on plaintiff's petition is as follows: "When the plaintiff shall have filed a properly conditioned bond in the sum of one thousand dollars the clerk will issue a temporary restraining order prohibiting the prosecution by defendants of said suit in said justice court as prayed; and will issue notice to defendants to appear at 9 a. m. Sept. 29, '13, to show cause why said restraining order should not be continued in force, and the other relief prayed for should not be granted. [Signed] Kenneth Foree, Judge 14th. Dist." The defendant, Hartzog, appellant herein, in due time answered by general and special exceptions to plaintiff's petition, and expressly admitting some, and denying other, matters set up in said petition, and closing with a prayer that the temporary order issued by the court herein on September 24, 1913, be dissolved, and that the court refuse to issue any further orders of judgments herein. The hearing provided for in Judge Foree's order indorsed on plaintiff's petition was continued from September 29, 1913, by consent of the parties, to the 3d day of October, 1913.

On this date a hearing of the matters alleged by plaintiff for the issuance of the injunction prayed for by him was had and judgment rendered, which recites that "the demurrers and exceptions of the defendant Hartzog being duly considered, are overruled, and, the pleadings * * * being read and the evidence introduced and arguments heard, and all duly considered, it is the opinion of the court that the said temporary restraining order heretofore issued in this cause be continued and remain in force. It is therefore ordered, adjudged, and decreed by the court that the said temporary restraining order be continued and remain in force, and that the said defendants C. B. Hartzog and J. B. Seeger, and each of them, and the servants, agents, attorneys, and employés of each of them, be enjoined and restrained and prohibited, as they have heretofore been, from further prosecution of that certain suit No. 3813, and styled C. B. Hartzog v. J. B. Seeger et al., pending in the justice court of Dallas county, Tex., * * * and from taking and having entered therein any orders or judgment in the matter of the prosecution of said suit, until the further orders of this court." The said judgment concludes thus: "To which order and judgment made this, the said 3d day of October, A. D. 1913, the defendants C. B. Hartzog and J. B. Seeger except, and in open court gave notice of appeal to the Court of Civil Appeals of the State of Texas for the Fifth Supreme Judicial District, at Dallas, Tex."

[1] The first question for decision arises on appellee's motion to dismiss the appeal. It is contended that it appears from the record sent to this court that the order or judgment appealed from is one refusing to dissolve a temporary injunction, from which no appeal under the laws of this state will lie; that the order granting the temporary injunction or restraining order herein was made and entered on the 24th day of September, 1913, and that the transcript was not filed in this court until the 14th day of October, 1913, more than 15 days after the making and entry of the order granting said injunction or restraining order; hence the transcript was not filed in this court within the time prescribed by law, and therefore, whether the appeal was taken from the order of September 24, 1913, granting said injunction, or the order of October 3, 1913, this court has not jurisdiction to consider the appeal. The statute does not give the right of appeal from an order refusing to dissolve an injunction. An appeal is allowed only from an order granting or dissolving a temporary injunction, and, in such case, the transcript of the record must be filed with the clerk of the appellate court not later than 15 days after the making and entry of such order. Article 4644, Revised Statutes 1911. If not so filed the appeal cannot be entertained. There is no question but that the appeal in

this case is prosecuted from the order of the court made on the 3d day of October, 1913, and the question is whether the order made September 24, 1913, directing that a temporary restraining order be issued and notice be given to defendants, commanding them "to appear September 29, 1913, to show cause why such order should not be continued in force, and the other relief prayed for not be granted," was a mere restraining order, which was to have effect only until the 3d day of October, 1913, and the order made on that day, as distinguished from such an order, granting the temporary injunction sought, which was to continue in force during the pendency of the suit, unless sooner dissolved upon motion made for that purpose. If the effect of the first order was to direct the issuance of a temporary restraining order to continue in force only until the hearing to be had at a later date, and the order made October 3, 1913, must be construed to be the granting of the writ prayed for, then the appeal lies, and the motion to dismiss must be overruled.

[2] It is well settled, and so pointed out in Riggins v. Thompson, 96 Tex. 154, 71 S. W. 14, that under the practice of the American courts three species of injunction may be issued, namely: (1) A restraining order, which is defined to be "an interlocutory order made by a court of equity upon an application for an injunction, and as part of the motion for a preliminary injunction, by which the party is restrained pending the hearing of the motion"; (2) one which is intended to operate, and which does operate, unless dissolved by an interlocutory order, until the final hearing; and (3) a perpetual injunction which can be properly ordered only upon the final decree. It is sufficient to say, without quoting them, that under the articles of our statute relating to the issuance of injunctions, "the judge is authorized to place upon a preliminary injunction such limitations as to the time of its operation as he may see proper." Riggins v. Thompson, supra. It is obvious, we think, from the judge's order indorsed on the petition in this case September 24, 1913, the preceedings had, and the judgment rendered October 3, 1913, that the "restraining order" issued on said 24th day of September was intended to operate only pending the hearing to be had at a later date for the purpose of preserving the statu quo of the parties, and that the date of the granting of the temporary injunction prayed for was October 3, 1913. The language of the judge's fiat, to the effect that the defendant should be notified to appear and show cause why the "restraining order" should not be continued in force should not be construed as a notice to the defendants that the temporary injunction prayed for had been already granted, and that the hearing ordered was simply to give them an opportunity, at the date set, to file and present a motion to dissolve such injunction. Such a course is not provided for by statute, is foreign to any rule of practice or custom of our courts, and evidently the learned judge who made the order had no intention that it should serve that purpose. The clear inference is that the purpose of the order made September 24, 1913, was simply to restrain the prosecution of the suit pending in the justice court, until a hearing could be had to determine whether or not the plaintiffs were entitled to the temporary injunction prayed for during the pendency of plaintiff's suit. It will be noticed that the judge's order indorsed on the petition September 24, 1913, not only directed that notice be served on defendants to appear September 29, 1913, to show cause why the temporary restraining order should not be continued in force, but that they at said time show cause why "the other relief prayed for should not be granted." It is obvious from the language of said order here quoted that restraint of the defendants from the prosecution of the forcible detainer suit in the justice court was not all the injunctive relief asked for in plaintiff's petition, and is significative of the nature and purpose of the order. It indicates that the order, of which it is a part, was not intended to and did not reflect any definite conclusion or final action of the court with regard to the plaintiff's right to any of the relief sought, but rather that the determination of such rights would be postponed until a hearing upon proof could be had. As indicated by the language of the order referred to, plaintiff's petition prays that defendants be enjoined, not only from the prosecution of the forcible detainer suit, but that they be restrained from the commission of other acts which it is charged would injuriously affect plaintiff's enjoyment of and possession of the demised premises, and certainly the court did not intend to definitely pass on the matters presented by piecemeal, that is, to grant the temporary injunction upon a bare inspection of the petition, and, at the hearing provided for in his order indorsed on the petition, to hear evidence and determine plaintiff's right to the other prohibitive relief asked.

The case is distinguishable from those cited by appellee. In the case of Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526, it appears that the judge granted a temporary injunction without providing for a hearing, and that a motion to dissolve was made and overruled. From this order an appeal was taken. The transcript was filed in the Court of Civil Appeals within 15 days from the date of the order overruling the motion to dissolve, but not within 15 days from the date of the order granting the temporary injunction. The Supreme Court held on writ of error that no appeal lies from an order refusing to dissolve an injunction on motion, and that an appeal from an interlocutory order granting it must be prosecuted by filing the transcript in the Court of Civil Appeals not later than 15 days

after the entry of record of such order. It was further held, in effect, that the language of the order continuing in force the temporary injunction in that case was wholly unnecessary and superfluous, because the injunction was already in force and would so continue without such language.

In the case of Jaynes v. Burch, 151 S. W. 596, the order of the judge granting the temporary restraining order was like the order in this case, except it did not direct that the defendant should appear and show cause why "the other relief prayed for should not be granted." No relief by injunction was asked in that case, except that granted in the order made upon inspection of the petition, and the judgment entered upon a hearing recites that the cause "came on to be heard upon defendant's *motion to dissolve* the temporary restraining order heretofore granted, and that the court, after hearing the pleadings, evidence, and argument of counsel, was of the opinion that defendant's motion to dissolve said restraining order should be overruled and refused." The "restraining order" in that case seems to have been understood and treated as a temporary injunction, and such as had been granted in the case of Baumberger v. Allen, supra, and, as has been seen, the judgment entered on the hearing shows that a motion to dissolve it was made and overruled. Such does not seem to have been the understanding and treatment of the restraining order, and no such proceeding appears to have been had, in the case now before us. But, if the cases are not distinguishable, then the Jaynes-Burch Case must be overruled. Nor do we think the present case is ruled by Caswell v. Fundenberger, 47 Tex. Civ. App. 456, 105 S. W. 1017, cited by appellee. In that case, as in Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526, it was held, and the facts warranted the holding that the writ originally granted was a "temporary injunction" as distinguished from a "temporary restraining order," and that the order made subsequently was an order dissolving this temporary injunction. In so holding the court there said, among other things, that both plaintiffs and defendants, by their pleadings, seem to have so understood it (the writ), and such is a fair construction of the order of the judge granting "the writ of injunction as prayed for." Our conclusion is that under the facts of this case appellee's contention that this court has not jurisdiction to entertain this appeal cannot be sustained, and the motion to dismiss is therefore overruled.

Having held that we have jurisdiction, the question arises, Did the court err in granting the temporary injunction restraining appellant from prosecuting the forcible detainer suit instituted by him and pending in the justice court? This question is raised by assignments of error complaining of the court's action in overruling appellant's general demurrer to appellee's petition and his special exception thereto, asserting that it is mani-

fest from said petition that appellee has its remedy at law as a defendant in said suit in the justice court, and that said court has jurisdiction to hear and dispose of all material matters set up in this suit for injunction, as a defense to appellant's alleged cause of action in the suit in the justice court. The propositions contended for by appellant are: That the defendant in an action of forcible detainer may prove any facts not inconsistent with the title under which he went into possession of the property involved, which show that his right still to occupy the same exists at the time such action is brought, although these facts may be connected with the title to the property; that the remedy by injunction in the district court to restrain the prosecution of a forcible detainer suit in a justice court does not lie where the plaintiff in the injunction suit has an adequate remedy at law, which he may set up and avail himself of in the justice court. We think these propositions sound, and may be invoked in this suit. The substance of appellee's petition is that it leased certain real property from J. B. Seeger, for the period of one year, commencing on the 1st day of April, 1912, and ending on the 31st day of March, 1913, with right to renew same for one year from said April 1, 1913; that said lease was so renewed, and that appellee had complied with all its terms and conditions, and was in the lawful possession of the property under said lease; that on or a short time before the 1st day of April, 1913, the said J. B. Seeger, who was prior thereto, associated with appellee in the wood and coal business, opened up a wood and coal business for his own account, and, without just cause or provocation, conceived the idea of putting appellee out of business, so that he might not have appellee as a competitor; that in furtherance of this purpose the said J. B. Seeger instituted suit No. 14,032A in the district court of the Fourteenth judicial district of Texas, for the termination of said lease and for the possession of said property, and wrongfully, fraudulently, and falsely alleged in his petition that appellee had violated the covenants of said lease; that said suit in said district court was instituted fraudulently, maliciously, and without probable cause, and only for the purpose of getting possession of said property and to harass appellee and to cripple it in its most important yard, wherein was stored its wood and coal; that said suit was filed on the 31st day of May, 1913, and was pending; that said J. B. Seeger, not being willing to rely upon getting possession of said premises by said suit in the district court, said suit not being as summary and rapid as he desired, entered into a conspiracy with the appellant Hartzog and the Home Investment & Loan Company to dispossess appellee of its wood and coal yards, and to deprive it of its leasehold interest therein before the termination of said lease, and to

that end the said J. B. Seeger in the name of the Home Investment & Loan Company, in whom he had fraudulently placed the title of said property, pretended to sell and convey said demised premises to the said appellant Hartzog, who, as the instrument of the said J. B. Seeger, on the 18th day of September, 1913, filed an action of forcible detainer in the justice court of Dallas county, Tex., to recover possession of said leased premises; that the sale to Hartzog was fraudulent, and was in fact not a sale of the property, but a simulated transaction for the purpose of laying a predicate for the cancellation of said lease; that appellant Hartzog, pretending to be the purchaser of the said property described in the lease, caused the 90 days' notice required by the lease to be given appellee, and demanded possession of the property, and, possession being refused, he filed said suit of forcible detainer. It is further alleged, in substance, that the allegations in the suit of forcible detainer were false and fraudulent; that the said Hartzog, plaintiff therein, had no interest whatever in the land or leased premises, and no right to the possession thereof; that said forcible detainer suit was wholly fictitious and fraudulent, and brought by the said Seeger, who dominated and used the said Hartzog, who was his employé, to unlawfully institute and prosecute said suit in the justice court, and in furtherance of the conspiracy to bring about a termination of appellee's lease and get possession of its wood and coal yard; that by the wrongful and malicious acts of the appellants, appellee has sustained actual damages in the sum of $3,500, and exemplary damages in the sum of $5,000. The prayer of the petition was for an injunction enjoining the prosecution of the forcible detainer suit, enjoining Hartzog and J. B. Seeger from instituting or prosecuting any other suit for the possession of the leased property, and the said Hartzog and Home Investment & Loan Company from making any claim to said property, that plaintiff's right and title to said leasehold be confirmed, and that it have judgment for its damages, actual and exemplary, and for general relief.

[3] The allegations of the appellee, Seeger Coal Company, for the writ of injunction granted, do not present a case in which the title of the premises leased to it is directly involved. The question of title is presented only as an incident to the issue of appellant's right to the possession of said premises. The allegations of conspiracy and fraudulent transfer of the property to the Home Investment & Loan Company and appellant Hartzog for the wrongful and unlawful purpose of terminating the lease under and by virtue of which appellee holds, and thereby take from him the possession of said property, discloses, we think, a defense to appellant's action of forcible detainer, pending in the justice court for possession of the property, which could be set up and urged in that action. In other words, these allegations show that appellee has an adequate remedy at law, which he may avail himself of in the forcible detainer suit. The real issue is one of fraud, affecting the right of possession, in which the title of the property is only, as stated, incidentally involved. If the sale of the demised premises to appellant Hartzog was fictitious and fraudulent, a mere simulated transaction for the purposes charged by appellee, then appellant had no legal right to invoke that provision of the lease, declaring that if the property was sold, the lease should terminate and by virtue thereof recover possession of said property.

[4] It seems to be very well settled by the decisions of this state that the defendant in an action of forcible detainer may prove any facts not inconsistent with the title under which he went into possession of the property which show that his right still to occupy the same existed at the time the suit was brought, although these facts may be connected with the title to the property. So he may, where he has entered under a lease, show that subsequent to his entry under the lease he has himself acquired the lessor's title to the land, either from the lessor or some one else. Camley v. Stanfield, 10 Tex. 550, 60 Am. Dec. 219; Texas Land Co. v. Turman, 53 Tex. 621; Andrews v. Richardson, 21 Tex. 287; Gallager v. Bennett, 38 Tex. 295.

[5] In Texas Land Co. v. Turman, supra, it is said that the practical effect of the decision in Camley v. Stanfield, the first case cited, "is to permit a tenant holding over to defend his possession by showing that subsequent to the lease he purchased his landlord's title under execution sale, and thus indirectly, in such case, to raise the question of title. Subsequent decisions of this court have recognized this doctrine, and it has further been held that the tenant in possession may lawfully attorn to a third party who has purchased at execution sale the title of the landlord" (citing Andrews v. Richardson and Gallager v. Bennett, supra). This doctrine is recognized in other jurisdictions. Brown v. Woolsey, 2 Ind. T. 329, 51 S. W. 966; Folsom v. Hunter, 6 Ind. T. 453, 98 S. W. 156; Richie v. Owsley, 137 Ky. 63, 121 S. W. 1018; Douglas v. Hartzell, 15 Ill. App. 252.

[6] The facts alleged, therefore, did not authorize the issuance of the injunction herein upon the theory that they showed appellee was without an adequate remedy at law, or entitled thereto under the provisions of our statute.

[7, 8] Nor do we think the granting of the injunction restraining the defendant from prosecuting the forcible detainer suit was authorized because of the pendency of the suit instituted by J. B. Seeger for possession of the property in the district court, before the filing of said forcible detainer suit by appel-

lant Hartzog in the justice court. Conceding that under the allegations of the petition in the case now before us J. B. Seeger must be considered to be the real plaintiff in said forcible detainer suit, still the pendency of the suit in the district court would not preclude him from invoking the jurisdiction and aid of the justice court in an action of forcible detainer to recover possession of the property. While the district court is an appropriate tribunal for the trial of the mere right to the possession of land, its jurisdiction in this respect is merely concurrent with that of the justice court to try such right, and not exclusive. The two remedies not being inconsistent may be employed concurrently, though a satisfaction of one would be a satisfaction of all. Garza & Co. v. Jesse French P. & O. Co., 126 S. W. 906; Bull v. Bearden, 159 S. W. 1177; Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773.

[9] In the first case cited, Mr. Justice Bookhout, speaking for this court, said: "The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction is not enforced in Texas."

The motion to dismiss the appeal is overruled, and the judgment granting the injunction restraining defendants from prosecuting the forcible detainer suit in the justice court is reversed and said injunction dissolved.