

NUMBER 13-14-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS TRUSTEE FOR AMERIQUEST MORTGAGE
SECURITIES, INC., ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2004-R8,                              Appellant,

v.

CONSUELO JONES, EDWIN JONES, GABRIELA
JONES, AND ALL OCCUPANTS OF
2028 E. 28TH STREET, MISSION, TX 78574,                    Appellees.

On appeal from the County Court at Law No. 8
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza and Longoria**
**Memorandum Opinion by Justice Garza**

This appeal concerns residential property situated in Mission, Texas.  Appellant,

Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities,

Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8 ("Deutsche Bank") challenges the trial court's judgment awarding possession to appellees Consuelo Jones, Edwin Jones, Gabriela Jones, and all occupants of the subject property (collectively, "the Joneses"). By four issues, Deutsche Bank contends: (1) the trial court improperly considered "evidence and issues other than the superior right to immediate possession"; (2) the evidence was factually insufficient to support the judgment; (3) the trial court erred in awarding possession to the Joneses because they "did not request such relief"; and (4) Deutsche Bank conclusively established its right to possession. We affirm.

## I. BACKGROUND

In 2004, the Joneses took out a home equity loan payable to Ameriquest Mortgage Company ("Ameriquest"), Deutsche Bank's predecessor-in-interest, and secured by a lien on the subject property. The security agreement provided in relevant part that, in the event of a foreclosure sale,

> Borrower [the Joneses] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such other person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

In 2011, Deutsche Bank filed an application for judicial foreclosure in the 93rd District Court of Hidalgo County. *See* TEX. R. CIV. P. 736. The district court, noting that the Joneses had not filed a response, granted Deutsche Bank's application and rendered an order authorizing it to proceed with a foreclosure sale. On January 15, 2013, a "Notice of Trustee's Sale" was recorded in the public records of Hidalgo County, stating that the subject property would be sold by substitute trustee Connie Medley on February 5, 2013. Deutsche Bank purchased the property for $84,319 at the foreclosure sale.

On April 10, 2013, a notice was sent to the Joneses directing them to vacate the

2

subject property within three days. *See* TEX. PROP. CODE ANN. § 24.005(b) (West, Westlaw through Ch. 46, 2015 R.S.) (providing that a landlord must generally give a tenant-at-sufferance at least three days' written notice to vacate before filing a forcible detainer suit). When the Joneses failed to do so, the bank filed a forcible detainer action in justice court in Hidalgo County. The justice court rendered judgment awarding possession to Deutsche Bank and the Joneses appealed to the County Court at Law Number 8 of Hidalgo County. After a bench trial de novo on April 28, 2014, the county court rendered judgment awarding possession to the Joneses. It later filed findings of fact and conclusions of law which state in their entirety as follows:

> On April 28, 2014, the Court held a trial on the merits on a suit for forcible detainer brought by Deutsche Bank National Trust Company ("Deutsche Bank") against Edwin Jones, Gabriela Jones, and Consuelo Jones (collectively "the Joneses"). All parties, in person and/or through their attorneys of record, appeared and announced ready for trial to the bench. Though given the opportunity, none of the parties presented witnesses at trial. The Court was not called upon to take judicial notice of any document not presented at trial. The Court's determination as to which party was entitled to immediate possession of the Property was based solely on the evidence presented at the trial on the merits. Based on that evidence, the Court awarded possession of a property located at 2028 E. 28th St., McAllen [sic], Texas ("the Property") to the Joneses. Upon reviewing the evidence presented at trial, the Court issues the following findings of fact and conclusions of law.

> **Findings of Fact**

> 1. The Joneses had a home equity loan with Ameriquest Mortgage Company ("the Loan"). The Loan was assigned to Deutsche Bank.

> 2. On April 12, 2011, American Home Mortgage Servicing, Inc. ("the Applicant"), as servicing agent for Deutsche Bank, filed an application for an Order permitting foreclosure of lien created under Texas Constitution, Article XVI, Section 50A(6), in Cause No. C-964-11-B, 93rd District Court, Hidalgo County, Texas.

> 3. On November 30, 2011, the 93rd District Court of Hidalgo County, Texas entered an Order for Foreclosure, authorizing the Applicant to proceed with the foreclosure of the Property.

3

4.      The Order for Foreclosure expressly required the Applicant to give a copy of the Order for Foreclosure to the Joneses. Deutsche Bank presented no evidence of compliance.

5.      On January 15, 2013, a Notice of Trustee's Sale for the Property was issued by Homeward Residential, Inc., as servicer for Deutsche Bank. Homeward Residential, Inc., is not the Applicant who secured the Order for Foreclosure.

6.      No evidence was presented showing that Homeward Residential, Inc., ever made an application for an order permitting foreclosure of the Property, nor was any evidence presented showing that a court entered an order authorizing Homeward Residential, Inc., to proceed with foreclosing on the Property, nor was there sufficient evidence showing that Deutsche Bank had superior right to immediate possession.

7.      The Substitute Trustee's Deed recites an Order to Proceed with Notice of Foreclosure Sale purportedly entered on March 20, 2011, in Cause No. 964-11-B, in the 93rd Judicial District Court, Hidalgo County, Texas. However, no such order was attached to the Substitute Trustee's Deed.

8.      Deutsche Bank presented no evidence demonstrating (1) that the Joneses had been provided with a proper demand for possession; (2) that the Joneses' period of time to vacate the Property had expired; and/or (3) that the Joneses had refused to surrender possession in response to a proper demand for possession; (4) that Deutsche Bank had a superior right to immediate possession.

## Conclusions of Law

1.      At trial, Deutsche Bank presented legally insufficient evidence showing that the Joneses had been provided with a proper demand for possession.

2.      At trial, Deutsche Bank presented legally insufficient evidence showing that the Joneses' period of time to vacate the Property had expired.

3.      At trial, Deutsche Bank presented legally insufficient evidence showing that the Joneses had refused to surrender possession in response to a proper demand for possession.

4.      At trial, Deutsche Bank did not show sufficient evidence to demonstrate a superior right to immediate possession.

5.      Based on the evidence presented at trial, Deutsche Bank failed to carry its evidentiary burden for establishing that it had a right of immediate possession of the Property.

This appeal followed.

## II. DISCUSSION

### A.    Applicable Law

An action for forcible detainer is the judicial procedure for determining the right to immediate possession of real property. *It's The Berrys, LLC v. Edom Corner, LLC*, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.). It exists to provide a speedy, simple and inexpensive means for settling the right to possession of premises. *Id.* In order to prevail in its forcible detainer action, Deutsche Bank had to prove that (1) it owned the subject property by virtue of a foreclosure sale deed, (2) the Joneses became tenants at sufferance when the property was sold, (3) Deutsche Bank gave the Joneses notice to vacate the premises, and (4) the Joneses refused to vacate the premises. *See Elwell v. Countrywide Home Loans, Inc.,* 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *see also* TEX. PROP. CODE ANN. § 24.002 (West, Westlaw through Ch. 46, 2015 R.S.) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease . . . ."). A prevailing party in a suit for forcible detainer "is entitled to a judgment for possession of the premises and a writ of possession." *Id.* § 24.0061(a) (West, Westlaw through Ch. 46, 2015 R.S.).

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. *Id.* § 24.004 (West, Westlaw through Ch. 46, 2015 R.S.); *see Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g). But justice courts are expressly deprived of jurisdiction to determine or adjudicate title to land. TEX. GOV'T CODE ANN. §

5

27.031(b)(4) (West, Westlaw through Ch. 46, 2015 R.S.). Thus, neither a justice court nor a county court on appeal can resolve questions of title beyond the immediate right to possession. *See Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988); *Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.). Moreover, the justice court lacks jurisdiction when "the right to immediate possession necessarily requires resolution of a title dispute." *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi 2002, no pet.); *see Dormady*, 61 S.W.3d at 557; *Rice*, 51 S.W.3d at 709.

## B. Consideration of Title Issues

By its first issue, Deutsche Bank contends that the trial court improperly considered evidence concerning issues other than the immediate right to possession of the subject property. In particular, it contends that

> [the Joneses] argued that there [sic] supposed irregularities in the underlying order authorizing foreclosure, the appointment of the substitute trustee, the authority of the trustee who issued the notice of sale, and the authority of the trustee who conducted the sale. . . . None of these arguments had any effect on the determination of the issue of whether Deutsche Bank was entitled to a judgment of possession, yet the Trial Court relied on them in making its judgment.

In support of its argument that the trial court "relied" on title issues in making its ruling, Deutsche Bank points to findings of fact numbers 2, 4, 5, 6 and 7.

We disagree that the trial court erred. Deutsche Bank does not dispute that the trial court's conclusions of law, including its ultimate legal conclusion in favor of the Joneses, pertained only to the issue of immediate possession and did not adjudicate validity of title. Moreover, Deutsche Bank does not contend, and we do not find, that the issue of possession could not be decided without first determining the issue of title, such that the justice and county courts would have lacked jurisdiction. *See Lopez*, 76 S.W.3d at 605. The referenced findings of fact discuss the Substitute Trustee's Deed by which

6

Deutsche Bank obtained ownership of the subject property, but they do not purport to determine the validity of the deed. As this Court has observed:

> The right to immediate possession can be determined separately from the right to title in most cases, and the Texas Legislature established just such a system [by enacting the forcible detainer statute]. *Rice*, 51 S.W.3d at 710 (citing *Scott* [*v. Hewitt*], 90 S.W.2d [816,] 818–19 [(1936)]). In cases challenging the validity of a trustee deed the legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively. *Id.* Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court. *Id.* at 709; *Haith* [*v. Drake*], 596 S.W.2d [194,] 196 [(Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)]; *Hartzog v. Seeger Coal Co.*, 163 S.W. 1055, 1060 (Tex. Civ. App.—Dallas 1914, no writ).
>
> This Court has previously held that a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question. *Martinez* [*v. Beasley*], 572 S.W.2d [83,] 85 [(Tex. Civ. App.—Corpus Christi 1978, no writ)]. An action in forcible detainer in the justice court is one thing, and an action in the district court to determine whether a deed to the premises involved in the forcible detainer action should be set aside is something else. *Id.*

*Lopez*, 76 S.W.3d at 605. Here, even assuming that the trial court considered the substitute trustee's deed in reaching its ruling, that did not deprive the court of jurisdiction because resolution of title was not necessary to determining the issue of possession. *See id.* Instead, as the trial court's findings and conclusions illustrate, its ruling was based entirely on Deutsche Bank's failure to satisfy its evidentiary burden to show a superior right to possession—ownership of the property was not at issue.

Deutsche Bank's first issue is overruled.

## C. Evidentiary Sufficiency

By its second issue, Deutsche Bank contends that the evidence was factually insufficient to support the trial court's judgment. By its fourth issue, it argues that it conclusively established its right to possession; we construe this argument as challenging

7

the legal sufficiency of the evidence supporting the judgment. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).

### 1. Standard of Review

In an appeal from a bench trial, the trial court's findings of fact have the same weight as a jury verdict. *Aland v. Martin*, 271 S.W.3d 424, 428–29 (Tex. App.—Dallas 2008, no pet.); *Butler v. Comm'n for Lawyer Discipline*, 928 S.W.2d 659, 662 (Tex. App.—Corpus Christi 1996, no writ). We review the sufficiency of the evidence supporting the findings by applying the same standards we use in reviewing the legal and factual sufficiency of the evidence supporting a jury verdict. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Aland*, 271 S.W.3d at 429. Evidence will be legally insufficient to support a finding if, among other things, the evidence conclusively establishes the opposite of a fact vital to the finding. *City of Keller*, 168 S.W.3d at 819. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *Id.* at 816. We view the evidence in the light most favorable to the finding, indulge every reasonable inference in support of the finding, credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable factfinder could not. *Id.* at 807, 822.

In reviewing factual sufficiency, we consider all the evidence in a neutral light and will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Corpus Christi Day Cruise, LLC v. Christus Spohn Health Sys. Corp.*, 398 S.W.3d 303, 311 (Tex. App.—Corpus Christi 2012, pet. denied). In a bench trial, the trial court assesses the credibility of the witnesses, determines the weight to be given to their testimony, and resolves conflicts and inconsistencies in the testimony. *See City of Keller*,

8

168 S.W.3d at 819; *Hinkle v. Hinkle*, 223 S.W.3d 773, 778 (Tex. App.—Dallas 2007, no pet.).

We review a trial court's conclusions of law de novo, evaluating them independently and determining whether the court correctly drew the legal conclusions from the facts. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Bollner v. Plastics Solutions of Tex., Inc.*, 270 S.W.3d 157, 166 (Tex. App.—El Paso 2008, no pet.); *Dallas Morning News v. Bd. of Trs.*, 861 S.W.2d 532, 536 (Tex. App.—Dallas 1993, writ denied). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Mack v. Landry*, 22 S.W.3d 524, 528 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

### 2.   Analysis

At trial on April 28, 2014, counsel for both parties made arguments but no witnesses testified. The Joneses' counsel argued that "Deutsche Bank completely messed up the foreclosure on this deal" because "the applicant who obtained the order permitting the foreclosure was not the entity that ended up foreclosing." Counsel also argued that the substitute trustee who was appointed in the Notice of Trustee's Sale was not the same substitute trustee that conducted the sale.

Deutsche Bank offered two exhibits into evidence: (1) the 2004 security agreement between the Joneses and Ameriquest; and (2) the 2013 Substitute Trustee's Deed granting title to Deutsche Bank, which was accompanied by a copy of the Notice of Trustee's Sale dated January 15, 2013.[1]

---

[1] The Notice of Trustee's Sale states that the substitute trustee is Connie Medley, whereas the Substitute Trustee's Deed states that the substitute trustee is Monty Medley. We do not address this discrepancy because the trial court's ruling was not based on the identity of the substitute trustee.

These exhibits were insufficient to show the elements required to prevail in a forcible detainer action. As noted, Deutsche Bank was required to show that (1) it owned the subject property by virtue of a foreclosure sale deed, (2) the Joneses became tenants at sufferance when the property was sold, (3) Deutsche Bank gave the Joneses notice to vacate the premises, and (4) the Joneses refused to vacate the premises. *See Elwell,* 267 S.W.3d at 568–69; *see also* TEX. PROP. CODE ANN. § 24.002. Even assuming that the deed established the first element and the security agreement established the second element, neither exhibit even arguably established the third or fourth elements. That is, there was no evidence adduced at trial establishing either that Deutsche Bank gave the Joneses notice to vacate or that the Joneses refused to vacate. *See Elwell,* 267 S.W.3d at 568–69.

Deutsche Bank contends that both the third and fourth elements were satisfied by the April 10, 2013 notice to vacate sent by its counsel to the Joneses. An unsworn copy of this notice appears in the appellate record before this Court,[2] but it is undisputed that the notice was not admitted as evidence at trial. Deutsche Bank argues that we should nevertheless consider this document in our sufficiency analysis because the trial court stated in its final judgment that it "took judicial notice of all documents in its file" and "considered the totality of the evidence and arguments presented."

We disagree. The trial court stated in its findings and conclusions that it based its ruling "solely on the evidence presented at the trial on the merits" and that it was "not called upon to take judicial notice of any document not presented at trial." Findings of fact and conclusions of law filed after a judgment are controlling if there is any conflict

---

[2] The notice to vacate appears within a series of documents referred to in the clerk's record table of contents as "Civil Appeal." It is not clear whether or when the notice was ever presented to the trial court.

between them and the judgment. *Zorilla v. Wahid*, 83 S.W.3d 247, 254 (Tex. App.—Corpus Christi 2002, no pet.), *overruled on other grounds by Iliff v. Iliff*, 339 S.W.3d 74 (Tex. 2011). Additionally, when a trial court takes judicial notice of a file, the documents in that file—even if sworn—are not treated as substantive evidence or considered in an evidentiary sufficiency analysis if they are not actually introduced as evidence at trial. *See Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) ("As a general rule, documents not admitted into evidence are not considered by an appellate court. . . . A court may take judicial notice of its own files and the fact that a pleading has been filed in a case. . . . A court may not, however, take judicial notice of the truth of allegations in its records."); *Tex. Dep't Of Pub. Safety v. Claudio*, 133 S.W.3d 630, 633 (Tex. App.—Corpus Christi 2002, no pet.) ("A court may properly take judicial notice of pleadings that have been filed. However, a court may not take the allegations in the pleadings to be true absent testimony, other proof, or admissions by the other party. . . . The court taking judicial notice of the contents of the file does not elevate those averments into proof."); *see also Rios v. Tex. Dep't of Family & Protective Servs.*, No. 03-11-00565-CV, 2012 WL 2989237, at *7 n.5 (Tex. App.—Austin July 11, 2012, no pet.) (mem. op.) ("While a court can take judicial notice of its own files and the fact that a pleading has been filed in a case, a court may not take judicial notice of the truth of allegations in its records, including affidavits.")

Because there was no evidence adduced at trial to establish two of the elements required in a forcible detainer action, Deutsche Bank did not conclusively establish its entitlement to judgment and the trial court's judgment was not contrary to the weight of the evidence. *See City of Keller*, 168 S.W.3d at 319; *Cain*, 709 S.W.2d at 176. Therefore, we conclude that the evidence was sufficient, both legally and factually, to support the

11

trial court's judgment awarding possession to the Joneses. We overrule Deutsche Bank's second and fourth issues.

## D.    Failure to Request Possession Order

By its third issue, Deutsche Bank contends that the trial court erred in awarding possession to the Joneses because the Joneses "never requested an order of possession." *See In re Russell*, 321 S.W.3d 846, 855 (Tex. App.—Fort Worth 2010, orig. proceeding) ("A trial court abuses its discretion by awarding relief to a person who has not requested such relief in a live pleading."). This issue is without merit. The live pleading before the county court was the Joneses' appeal of the justice court's order of possession in favor of Deutsche Bank. Obviously, the underlying justice court suit—a forcible detainer action filed by Deutsche Bank—requested adjudication of possession of the subject property. Deutsche Bank directs us to no authority, and we find none, stating that a party appealing a justice court's ruling to the county court must file an explicit pleading in the county court requesting the relief that was already requested at the justice court. We overrule Deutsche Bank's third issue.

## III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
2nd day of July, 2015.

12