Lopez v. Sulak






 


NUMBER 13-00-00499-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


CORNELIO LOPEZ AND WIFE, ROSIE LOPEZ, Appellants,


v.



DANIEL SULAK AND WIFE, SANDRA SULAK, Appellees.

______________________________________________________________


On appeal from the 329th District Court of Wharton County, Texas.

______________________________________________________________



O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


Appellants, Cornelio Lopez and wife, Rosie Lopez, appeal from the trial court's order granting the motion for summary
judgment of appellees, Daniel Sulak and wife, Sandra Sulak. We affirm in part and reverse and remand in part.

A. Background

Appellants rented a building at 308 Third Street in Louise, Texas, from the owner, Mrs. Gordon. Appellants operated a
child-care facility at 308 Third Street. Mrs. Gordon subsequently sold a tract of land ("the property") consisting of four
lots, which included 308 Third Street, to appellees. The property adjoined appellees' residence. Appellees allowed
appellants to continue operating their child-care business at 308 Third Street. However, when various problems arose,
appellees gave appellants notice to vacate the premises, but they refused.

Appellees eventually filed a forcible detainer action against appellants in the justice court of Wharton County. Appellants
answered that they "were in fact the owners of the premises which they occupy, and that [appellees] are not the equitable
owners of such premises, and that in fact [appellees] have no standing to assert a claim for eviction." Appellants also
counterclaimed for possession of a pickup truck and some tools they claimed appellees had converted. On July 16, 1999,
the justice court signed a "Final Judgment Nunc Pro Tunc," which states, in relevant part, as follows:

After hearing the evidence presented and the argument of counsel, the Court finds that CORNELIO & ROSIE LOPEZ were
tenants and that DANIEL & SANDRA SULAK are the landlords of the property in question; that the landlords are entitled
to possession of the property; and that the tenants are required to vacate the premises on or before March 28, 1999 at 6:00 p.m.

IT IS FURTHER ORDERED AND DECREED that DANIEL & SANDRA SULAK shall have and recover judgment
against CORNELIO & ROSIE LOPEZ for damages in the amount of $4,500.00, set forth as follows:

 

 


 $ 600.00 for money owed on a debt,


 

 


 $ 860.00 for 1997 taxes paid by the plaintiffs,


 

 


 $2,500.00 for damages done to the garage,


 

 


 $1,000.00 for attorney's fees; and


for costs of court incurred in the course of this lawsuit in the total amount of $67.00, such judgment bearing interest at ten
(10) percent per annum, compounded annually from the date this Judgment is signed until paid, for which let execution issue.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff shall have possession and ownership of the
1975 Chevrolet Pickup, and that Defendants shall deliver the signed title to the vehicle immediately after this Judgment is signed.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the Court that Defendants/Cross-Plaintiffs, CORNELIO
& ROSIE LOPEZ, take nothing of Plaintiffs-Cross/Defendants, DANIEL & SANDRA SULAK, and that CORNELIO &
ROSIE LOPEZ go hence without day and pay their own court costs. 

Appellants attempted to appeal the justice court's judgment, but their appeal was dismissed for procedural reasons.

On July 20, 1999, appellants filed the underlying case in the district court of Wharton County. They alleged that: (1) they
had been operating the child-care facility at 308 Third Street when Mrs. Gordon decided to sell the property; (2) because
appellants were not able to buy the property themselves, they entered into the following oral agreement with appellees: (a)
appellees would purchase the property, (b) appellants would reimburse appellees for the note payments, (c) appellants
would pay the property taxes and insure the property, and (d) when the note was paid off in five years, appellees would
convey the property to appellants; (3) appellants made the agreed-upon payments until December 1998, when appellees
refused to accept any further payments; (1) (4) appellees wrongfully breached the oral agreement for the purchase of the
property; (5) appellees wrongfully evicted appellants from the property, causing the loss of their child-care business; and
(6) appellees wrongfully appropriated appellants' 1975 Chevrolet pickup. Appellants asserted causes of action for breach of
contract, fraud, violation of the Texas Deceptive Trade Practices - Consumer Protection Act ("DTPA"), (2) violation of
section 27.01 of the Texas Business and Commerce Code for fraud in real estate transactions, (3) intentional and tortious
interference with appellants' business relationships, conversion, and trespass. They sought damages for mental anguish, loss
of income from the child-care business, $10,000.00 for the equity they had in the property, and $4,900.00 for conversion of
the pickup and tools it contained. They also sought exemplary damages and attorney's fees. Appellants did not seek title to
the property in question, nor specific performance of the alleged oral contract.

Appellees answered with a general denial and filed a counterclaim alleging that: (1) they alone purchased the property
from Mrs. Gordon, who disliked appellants and did not want to sell them her property or associate with them in any way;
(2) they purchased the property for $27,500.00 (they paid $5,000.00 down, and Mrs. Gordon financed the balance for five
years with monthly payments of $456.22); (3) they entered into an oral lease agreement with appellants that appellants
would lease part of the property (308 Third Street) for their child-care facility, subject to the following conditions: (a)
appellants would operate the child-care facility in accordance with all applicable laws, (b) appellants would obtain
insurance coverage to protect appellees from any liability in connection with the child-care business, (c) appellants would
maintain the property and pay for all repairs, and (d) appellants would pay all property taxes due on the property; (4)
appellants would pay appellees a monthly rental of $456.22 (the same amount appellees were paying on the purchase note);
(5) the parties discussed the possibility of appellants purchasing a portion of the property from appellees sometime in the
future, but nothing was ever agreed upon; (6) appellees always intended to retain at least part of the property for
themselves; (7) appellants failed to comply with the lease agreement by: (a) failing to operate the child-care facility in
accordance with State law, (b) failing to maintain the property, (c) failing to insure the property, and (d) failing to pay the
1998 property taxes (which appellees had to pay); (8) appellees gave appellants notice, in February, 1999, to vacate the
property; (9) appellants sought to purchase 308 Third Street at that time, but were unable to obtain funding; and (10)
appellees were forced to commence a forcible entry and detainer action in justice court after appellants refused to vacate.
Appellees sought to recover: (1) $600.00 they paid under a note made by Mr. Lopez and co-signed by Mrs. Sulak, which
she was forced to pay when he defaulted, minus the $50.00 fair market value of the Chevrolet pickup (a total of $550.00);
(2) $1,500.00 on an unpaid contract for the sale of furniture; (3) $750.00 for "some calf meat;" (4) $480.00 for a limousine
rental; (5) $780.00 for graduation portraits for appellants' son; and (6) $41,000.00 to repair damages to the property caused
by appellants.

Appellees filed a motion for summary judgment on the sole ground that the order signed by the justice court was res
judicata as to all causes of action on which appellants sought recovery in the instant case. In the motion, appellees asked
for:

 

 


 Dismissal of the cause of action against the [appellees] filed by the [appellants].


 

 


 After hearing, Judgment against the [appellants] in the amount requested by the [appellees'] countersuit, along with
pre-judgment and post-judgment interest.


 

 


 Attorney's fees.


 

 


 Costs of suit.


 

 


 Such other and further relief as [appellees] may be justly entitled.


As summary judgment evidence, appellees attached the affidavit of Sandra Sulak, which stated: "I have personal
knowledge of all of the facts alleged in the Motion for Summary Judgment, and I believe they are true and correct as
stated." Appellees also attached certified copies of documents filed in the justice court case, including the petition and the
final judgment. 

In their response, appellants asserted that the justice court judgment was not res judicata on all issues because the justice
court did not have jurisdiction to determine title to real property. On June 6, 2000, the trial court signed the following
order:

ORDER ON MOTION FOR SUMMARY JUDGMENT

On the 25th day of May, 2000, the Defendants' Motion for Summary Judgment was called for hearing. All parties appeared
by and through their respective counsel.
After examining the pleadings, hearing the evidence presented and the argument of counsel, IT IS ORDERED,
ADJUDGED AND DECREED by the Court that the Defendants' Motion for Summary Judgment should be granted, and IT
IS GRANTED.

IT IS THEREFORE ORDERED that Plaintiffs, CORNELIO and ROSIE LOPEZ take nothing against Defendants,
DANIEL and SANDRA SULAK.

All relief requested and not expressly granted is denied.

This appeal ensued. (4)

B. The Motion to Dismiss

Appellees filed a motion to dismiss, asserting this Court is without jurisdiction to hear this appeal. They assert the order
granting summary judgment was not final because it did not dispose of appellees' counterclaims. In their response,
appellants contend the "Mother Hubbard" clause in the order makes it a final and appealable order.

An appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); N.E.
Indep. Sch. Dist. v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966). A judgment is final if it disposes of all pending parties and
claims in the record. Guajardo, 46 S.W.3d 862, 863-64 (Tex. 2001)(citing Lehmann, 39 S.W.3d at 195);Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992). In cases in which only one final and appealable judgment can be rendered,
a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all
claims and parties then before the court regardless of its language, or it stated with unmistakable clarity that it is a final
judgment. Lehmann, 39 S.W.3d at 192. The law does not require that a final judgment be in any particular form; therefore,
whether a decree is a final judgment must be determined from its language and the record in the case. Id. at 195.

A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in
appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. Tex. R. App. P.
44.3. An appellate court is also prohibited from affirming or reversing a judgment or dismissing an appeal if the trial
court's erroneous action or inaction prevents the proper presentation of a case to the court of appeals and the trial court can
correct its action or failure to act. Tex. R. App. P. 44.4(a). The courts of appeals are authorized by rule 44.4 to require the
trial court to enter a clarifying order to allow proper presentation of an appeal. Am. Home Prods. Corp. v. Clark, 38
S.W.3d 92, 97 (Tex. 2000). "If the appellate court is uncertain about the intent of the [summary judgment] order, it can
abate the appeal to permit clarification by the trial court." Lehmann, 39 S.W.3d at 206. 

Because we could not say the record clearly indicated the trial court intended the order granting summary judgment to
completely dispose of the entire case, we ordered this case abated and directed the trial court to clarify whether it intended
by its order of June 2000, to dispose of all of appellees' counterclaims. See Id. at 192. A supplemental clerk's record shows
that the trial court signed a clarification order which states, in relevant part, as follows:

On this the 20th day of February, 2002, the Court entered this Order clarifying its Order on Defendant's Motion for
Summary Judgment that was entered on May 25, 2000.

* * * * *



IT IS, THEREFORE, ORDERED that Plaintiffs, CORNELIO and ROSIE LOPEZ take nothing against Defendants,
DANIEL and SANDRA SULAK, as to those claims raised in the Plaintiffs' Original Petition.

IT IS FURTHER ORDERED that the Defendants, DANIEL and SANDRA SULAK, take nothing against Plaintiffs,
CORNELIO and ROSIE LOPEZ, as to those claims raised in the Defendants' Original Counter Petition.
* * * * *

In all other respects the original Order entered on May 25, 2000, is hereby ratified and confirmed. All relief requested and
not expressly granted is denied.

Because the clarification order shows the trial court intended to dispose of the entire case when it signed the order granting
summary judgment, we hold the order is final and appealable. Appellees' motion to dismiss is denied.

C. Issue Presented

In a single issue, appellants contend that the justice court order cannot be res judicata as to all the causes of action raised in
this case because the justice court did not have jurisdiction to decide any issues related to title.

D. Jurisdiction of Justice Court

Justice courts are vested with jurisdiction over the following matters:

 

 


 In addition to the jurisdiction and powers provided by the constitution (5)and other law, (6) the justice court has original
jurisdiction of:


 

 


 
 civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in
controversy is not more than $5,000.00, exclusive of interest;
 


 

 

 


 
 cases of forcible entry and detainer; and
 


 

 

 


 
 foreclosure of mortgages and enforcement of liens on personal property in cases in which the amount in
controversy is otherwise within the justice court's jurisdiction.
 


 

 

 


 A justice court does not have jurisdiction of:


* * * * *

 

 


 
 a suit for trial of title to land; . . . 
 


 

 

Tex. Gov't Code Ann. § 27.031 (Vernon Supp. 2002).

The forcible detainer action is the procedure by which the right to immediate possession of real property is determined.
Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.) (citing Kennedy v. Highland Hills Apartments, 905
S.W.2d 325, 326 (Tex. App.-Dallas 1995, no writ)). It is a special proceeding governed by particular statutes and rules.
Rice, 51 S.W.3d at 709. It was created to provide a speedy, simple and inexpensive means for resolving the question of the
right to possession of premises. Id. To preserve the simplicity and speedy nature of the remedy, the applicable rule of civil
procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be
adjudicated." Tex. R. Civ. P. 746; Rice, 51 S.W.3d at 705; Johnson v. Fellowship Baptist Church, 627 S.W.2d 203, 204
(Tex. App.-Corpus Christi 1981, no writ). Thus, the sole issue in a forcible detainer action is who has the right to
immediate possession of the premises. Fandey v. Lee, 880 S.W.2d 164, 168 (Tex. App.-El Paso 1994, writ denied);Cuellar
v. Martinez, 625 S.W.2d 3, 5 (Tex. Civ. App.-San Antonio 1981, no writ); Johnson v. Highland Hills Drive Apartments,
552 S.W.2d 493, 495 (Tex. Civ. App.-Dallas 1977), writ ref'd n.r.e., 568 S.W.2d 661 (Tex. 1978) (per curiam).

To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient
evidence of ownership to demonstrate a superior right to immediate possession. Rice, 51 S.W.3d at 709; Goggins v. Leo,
849 S.W.2d 373, 375 (Tex. App.-Houston [14th Dist.] 1993, no writ). However, where the right to immediate possession
necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be
enjoined from doing so. Rice, 51 S.W.3d at 709; Haith v. Drake, 596 S.W.2d 194, 196 (Tex. Civ. App.-Houston [1st Dist.]
1980, writ ref'd n.r.e.); see also Rodriguez v. Sullivan, 484 S.W.2d 592, 593 (Tex. Civ. App.-El Paso 1972, no writ) (justice
court judgment void when possession depended on whether defendant complied with contract for deed); Am. Spiritualist
Ass'n v. Ravkind, 313 S.W.2d 121, 124 (Tex. Civ. App.-Dallas 1958, writ ref'd n.r.e.). Because a forcible detainer action is
not exclusive, but is cumulative of any other remedy a party may have in the courts of this state, the displaced party is
entitled to bring a separate suit in district court to determine the issue of title. Scott v. Hewitt, 127 Tex. 31, 35, 90 S.W.2d
816, 818-19 (1936); Rice, 51 S.W.3d at 709; Home Sav. Ass'n v. Ramirez, 600 S.W.2d 911, 913 (Tex. Civ. App.-Corpus
Christi 1980, writ ref'd n.r.e.); Martinez v. Beasley, 572 S.W.2d 83, 85 (Tex. Civ. App.-Corpus Christi 1978, no writ); see
also Juneman v. Franklin, 67 Tex. 411, 3 S.W. 562, 563 (Tex. 1887) (holding that statute which created forcible detainer
action in justice courts did not impliedly abrogate a landlord's common-law remedies, but created an additional summary
method of regaining possession of premises). 

The right to immediate possession can be determined separately from the right to title in most cases, and the Texas
Legislature established just such a system. Rice, 51 S.W.3d at 710 (citing Scott, 90 S.W.2d at 818-19). In cases
challenging the validity of a trustee deed the legislature contemplated concurrent actions in the district and justice courts to
resolve issues of title and immediate possession, respectively. Id. Forcible detainer actions in justice courts may be
brought and prosecuted concurrently with suits to try title in district court. Id. at 709; Haith, 596 S.W.2d at 196; Hartzog v.
Seeger Coal Co., 163 S.W.1055, 1060 (Tex. Civ. App.-Dallas 1914, no writ). 

This Court has previously held that a judgment of possession in a forcible detainer action is a determination only of the
right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy
relating to the realty in question. Martinez, 572 S.W.2d at 85. An action in forcible detainer in the justice court is one
thing, and an action in the district court to determine whether a deed to the premises involved in the forcible detainer action
should be set aside is something else. Id. This Court has also held that the party who is removed from the property in a
forcible detainer action may challenge title to the property in a suit in district court. Ramirez, 600 S.W.2d at 913.

E. Res Judicata and Collateral Estoppel

Res judicata prevents the relitigation of a finally-adjudicated claim and related matters that should have been litigated in a
prior suit. State & County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001); Barr v. Resolution Trust Corp. ex
rel. Sunbelt Fed. Sav., 837 S.W.2d 627, 628 (Tex. 1992). Within the general doctrine of res judicata are two principal
categories: (1) claim preclusion (also known as res judicata), which prevents the relitigation of a claim or cause of action
that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the
prior suit; and (2) issue preclusion (also known as collateral estoppel), which prevents relitigation of particular issues
already resolved in a prior suit. Barr, 837 S.W.2d at 628. Res judicata is an affirmative defense. Tex. R. Civ. P. 94.
Summary judgment is proper in a case barred by res judicata. Barr, 837 S.W.2d at 627-28.

Texas follows the transactional approach to res judicata, which mandates that a defendant bring as a counterclaim any claim
arising out of the transaction or occurrence that is the subject matter of the opposing party's suit. Miller, 52 S.W.3d at
696;Barr, 837 S.W.2d at 630; see also Tex. R. Civ. P. 97(a) (relating to compulsory counterclaims). A subsequent suit will
be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could
have been litigated in a prior suit. Barr, 837 S.W.2d at 631. However, a claim is not barred by res judicata if the court
rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim. Montgomery v. Blue Cross & Blue
Shield of Tex., Inc., 923 S.W.2d 884, 886-87 (Tex. App.-Beaumont 1991, no writ). See also Harrison v. Gendrill Int'l, Inc.,
981 S.W.2d 714, 718 (Tex. App.-Houston [1st Dist.] 1998, pet. denied) (res judicata does not preclude claims over which
the court rendering judgment in the initial suit lacked jurisdiction); Attorney Gen. of Tex. v. Allred, 871 S.W.2d 298, 300
(Tex. App.-Fort Worth 1994, no writ) (res judicata does not bar a claim that could not have been brought in the court
rendering the prior judgment).

A judgment of a determination of law or fact in a proceeding in a justice court is not res judicata and is not a basis for
estoppel by judgment in a proceeding in a district court, except that a judgment rendered in a lower trial court is binding on
the parties thereto as to recovery or denial of recovery. Tex. Civ. Prac. & Rem. Code Ann. § 31.004(a), (c) (Vernon 1997).
A judgment in a justice court granting a landlord possession in a forcible detainer action is not res judicata of a tenant's
trespass to try title suit in district court. Reese v. Reese, 672 S.W.2d 1, 2 (Tex. Civ. App.-Waco 1984, no writ); see also
McCloud v. Knapp, 507 S.W.2d 644, 647-48 (Tex. App.-Dallas 1974, no writ) (landlord's success in forcible detainer in
justice court is not res judicata in tenant's suit in district court for enforcement of oral contract for lifetime tenancy). 

F. Appellants' Causes of Action

1. Conversion and Trespass

The pleadings in the justice court case encompassed appellees' forcible detainer action and appellants' counterclaim for
conversion of the pickup truck and tools. We conclude the justice court had jurisdiction to consider the conversion claim
and to determine who had the immediate right of possession to the property at 308 Third Street. The motion for summary
judgment was based on appellees' claim of res judicata. Because res judicata bars the relitigation of appellants' claims for
conversion and trespass, we hold the trial court did not err in granting appellees' motion for summary judgment as to these
two causes of action. We overrule appellants' issue as it relates to these causes of action.

2. Claims Related to the Issue of Title

As we discussed above, the justice court does not have jurisdiction to determine which parties hold title to property, or any
matter relating to the issue of title. In the instant case, appellants are not actually claiming title to the property, or even for
specific performance of the alleged oral contract for sale of real property. Instead, they are asserting the following causes
of action which are ancillary to the alleged oral contract for the sale of real property: (1) breach of contract, (2) fraud, (3)
violation of the DTPA, and (4) violation of section 27.01 of the Texas Business and Commerce Code for fraud in a real
estate transaction.

The key issue here is not whether the justice court adjudicated these claims (clearly it did not, as they were not raised), but
whether appellants properly could have adjudicated them in that court. See Tex. R. Civ. P. 97(a). Because justice courts
have no jurisdiction over matters involving title to real property, we conclude that neither res judicata nor collateral
estoppel applies to bar appellants from litigating these causes of action in district court.

Because the motion for summary judgment was based on appellees' claim of res judicata, we hold the trial court erred in
granting summary judgment as to appellants' causes of action for breach of contract, fraud, violation of the DTPA, and
violation of section 27.01 of the business and commerce code. We sustain appellants' issue as it relates to these causes of
action.

3. Tortious Interference with Business Relations

To establish liability for interference with a prospective contractual or business relation, a plaintiff must prove that he was
harmed by the defendant's conduct that was either independently tortious or unlawful: conduct that would violate some
other recognized tort duty. Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 713 (Tex. 2001). Specifically, appellants
pleaded that appellees told the day-care clients "they were going to run [appellants] out of business and out of the house."
This cause of action was not raised in the justice court. However, here the issue is whether it should have been raised as a
compulsory counterclaim. See Tex. R. Civ. P. 97(a).

The success of this cause of action depends on whether appellees committed a tort in evicting appellants from the property;
however, this determination depends on whether appellants were the owners or lessors of the property. We conclude this
cause of action is ancillary to the issue of title, and the justice court had no jurisdiction over it. Therefore, neither res
judicata nor collateral estoppel applies to bar appellants from litigating this cause of action in district court.

Because the motion for summary judgment was based on appellees' claim of res judicata, we hold the trial court erred in
granting summary judgment as to appellants' cause of action for tortious interference with business relationships. We
sustain appellants' issue as it relates to this cause of action.

G. Conclusion

We affirm the trial court's order granting appellees' motion for summary judgment as to appellants' causes of action for
trespass and conversion of the tools and the 1975 pickup truck. We reverse the trial court's order granting appellees' motion
for summary judgment as to appellants' causes of action for: (1) breach of contract, (2) fraud, (3) violation of the DTPA,
(4) violation of section 27.01 of the Texas Business and Commerce Code for fraud in a real estate transaction, and (5)
intentional and tortious interference with business relationships. We remand this cause to the trial court for further
proceedings consistent with this opinion.



FEDERICO G. HINOJOSA

Justice




Publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

21st day of March, 2002.

1. Appellants asserted that appellees had refused to accept the payments for the 308 Third Street property because they
were angry that appellants had moved out of another property they rented from appellees after appellees raised the rent.
Appellants began living in the 308 Third Street property.

2. See Tex. Bus. & Com. Code Ann. § 17.41 (Vernon 1987).

3. See Tex. Bus. & Com. Code Ann. § 27.01 (Vernon 1987). 

4. We note that appellees have not appealed from the trial court's order granting summary judgment on their counterclaims.

5. The Texas Constitution gives justice courts "original jurisdiction in criminal matters of misdemeanor cases punishable
by fine only, exclusive jurisdiction in civil matters where the amount in controversy is two hundred dollars or less, and such
other jurisdiction as may be provided by law." Tex. Const. art. V, § 19.

6. Justice courts also have jurisdiction to consider suits relating to enforcement of a deed restriction of a residential
subdivision that does not concern a structural change to a dwelling. Tex. Gov't Code Ann. § 27.034 (Vernon Supp. 2002).