NO. 07-04-0325-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 10, 2004
_____

TERRA XXI LTD., TERRA PARTNERS, VEIGEL FARMS, INC., VEIGEL CATTLE
COMPANY, ROBERT W. VEIGEL, and ELLA MARIE VEIGEL,

Appellants

v.

AG ACCEPTANCE CORPORATION, AG SERVICES of AMERICA, INC.,
and MARK HARMON, individually and as substitute trustee,

Appellees
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CI-04B-011; HON. ROLAND SAUL, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

This is an interlocutory appeal from an order denying a preliminary injunction sought by appellants Terra XXI, Ltd., Terra Partners, Veigel Farms, Inc., Veigel Cattle Company, Robert W. Veigel, and Ella Marie Veigel (collectively referred to as Veigel). Veigel initiated suit in the district court to nullify a deed of trust and foreclosure sale undertaken pursuant to that deed. It also moved to enjoin an action for forcible entry and detainer brought by

appellees Ag Acceptance Corporation, Ag Services of America, Inc., and Mark Harmon, individually and as substitute trustee (collectively referred to as Ag Services) in the local justice court. As previously mentioned, the district court refused to grant the injunction. The three issues before us involve whether the trial court erred in denying the remedy. Veigel believes it did because 1) the justice court lacked jurisdiction over the detainer action, 2) Veigel had a probable right of recovery and no adequate remedy at law, and 3) evidence supporting its attempt to vitiate the deed of trust was improperly excluded. We affirm the order of the trial court.

*Standard of Review*

The standard of review is one of abused discretion; thus, we may not modify or reverse the decree unless such an abuse is clearly shown. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993); *Friona I.S.D. v. King*, 15 S.W.3d 653, 657 (Tex. App.–Amarillo 2000, no writ). Furthermore, an abuse of discretion arises when the trial court acts without reference to applicable guiding principles, acts arbitrarily or unreasonably, misinterprets or misapplies the law, or renders a decision without sufficient evidentiary basis. *Friona I.S.D. v. King*, 15 S.W.3d at 657.

Next, one is not entitled to a temporary injunction until he demonstrates a probable injury and a probable right of recovery. *Id.* A probable right of recovery is proven by alleging the existence of a right and presenting evidence tending to illustrate that the right is being denied. *Id.*; *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 597 (Tex. App.–Amarillo 1995, no writ). Probable injury is proven through evidence of imminent harm, irreparable injury, and the lack of an adequate legal remedy. *Id*. As can be seen, both prongs require the presentation of evidence and, unlike temporary restraining orders,

2

cannot be based upon sworn pleadings or affidavits unless the parties so agree. *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683, 685-87 (Tex. 1968); *Friona I.S.D. v. King*, 15 S.W.3d at 657. With this said, we turn to the issues before us.

### Want of Jurisdiction

Veigel initially contends that it had a probable right to recover because the justice court had no jurisdiction to adjudicate the detainer action. This is purportedly so because questions of ownership were intermingled with the issue of who had the right to immediately possess the land, and the justice court could not determine who owned the property. While it is true that a justice court lacks the subject matter jurisdiction to adjudicate title to land, TEX. GOV'T CODE ANN. §27.031(a)(2) & (b)(4) (Vernon 2004), it can nonetheless determine who is entitled to immediately possess the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.–Dallas 2001, no writ). This is so because the litigant pursuing the forcible entry and detainer suit need not prove that it has title to the property; rather, it need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Lopez v. Sulak*, 76 S.W.3d 597, 604-05 (Tex. App.–Corpus Christi 2002, no pet.); *Rice v. Pinney*, 51 S.W.3d at 709; *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.–Houston [14th Dist.] 1993, no writ). And, though the current possessor may question the validity of the foreclosure sale and the quality of title that passed to the individual who bought the property at the sale, that does not *ipso facto* deprive the justice court of its power to decide who should immediately possess the land when, due to the foreclosure sale, the relationship of landlord and tenant arose between the buyer and current possessor. *Villalon v. Bank One,* No. 01-03-00446-CV, slip. op., 2004 LEXIS 5578 at 8-11 (Tex. App.–Houston [1st Dist.] June

24, 2004, no pet.); *Aguilar v. Weber*, 72 S.W.3d 729, 733-34 (Tex. App.–Waco 2002, no pet.); *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 559 (Tex. App.–San Antonio 2001, pet. dism'd w.o.j.); *Rice v. Pinney*, 51 S.W.3d at 709-13. Under that circumstance, the issue of possession can be resolved on a ground other than ownership. *Id.*

> Here, the deed of trust provided that:
>
> If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If the Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

Given this provision, the relationship between Ag Services and Veigel became that of landlord and tenant once Ag Services acquired the land at the foreclosure sale and Veigel refused to vacate it. So too did the relationship afford the justice court a basis to adjudicate the matter of possession without having to determine title. In view of this evidence and the holdings of *Villalon*, *Rice*, and *Dormady*, we cannot say that Veigel's allegation about jurisdiction, or the lack thereof, in the justice court illustrated a probable basis for recovery.

### *Evidence Illustrating Causes of Action*

Next, Veigel also suggests that it satisfied the requirements for obtaining a preliminary injunction since it tendered evidence of various causes of action which could result in the nullification of the deed of trust and foreclosure sale. Assuming *arguendo*, that such evidence was indeed tendered, we cannot say that it obligated the trial court to grant the injunctive relief.

4

Again, the standard of review is one of abused discretion. Thus, Veigel is obligated to establish that the district court violated guiding rules and principles, misinterpreted the law, or acted arbitrarily or without factual basis in rendering the decision it did. *Friona I.S.D. v. King*, *supra*. Allowing one claiming the right to immediately possess land to urge a forcible entry and detainer suit in a justice court while his opponent prosecutes an action in a district court to adjudicate title comports with legislative policy and the law. *See Scott v. Hewitt,* 90 S.W.2d 816, 818-19 (Tex. 1936) (holding that the legislature expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon the title, even though title is in dispute); *Villalon v. Bank One, supra* (holding similarly); *Dormady v. Dinero Land & Cattle Co., L.C., supra* (holding similarly); *Rice v. Pinney, supra* (holding similarly). In other words, because both statute and judicial opinion authorize the prosecution of those type of suits concurrently in different courts, we cannot say that the trial court erred in permitting what the law allows. So, it does not matter that Veigel allegedly presented evidence supporting causes of action which could result in the nullification of the deed of trust and foreclosure sale. Nor does it matter that the trial court may not have allowed Veigel to present such evidence. In either case, the trial court's refusal to enjoin prosecution of the forcible entry and detainer suit while Veigel attempted to adjudicate title to the land elsewhere comported with the law and, therefore, evinced a legitimate exercise of its discretion.

Accordingly, the order denying the temporary injunction is affirmed.


Brian Quinn

5

Justice