Danny Presley and all other occupants v. daniel mcgrath

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-403-CV

DANNY PRESLEY AND ALL OTHER OCCUPANTS APPELLANTS

V.

DANIEL MCGRATH APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Danny Presley appeals the county court’s judgment awarding possession of certain property to Appellee Daniel McGrath.  In a single point, Presley complains that the county court lacked jurisdiction to consider McGrath’s forcible detainer action because an unresolved question of title was so intertwined with the issue of possession that the action could not have been adjudicated without first determining title.  We will affirm.

II.  Factual and Procedural Background

On August 3, 2004, McGrath purchased the property located at 713 Foxmoor Drive, Highland Village, Texas (“the property”) at a foreclosure auction.  Thereafter, he received a substitute trustee’s deed in the mail outlining the details of his acquisition of the property.  The deed, dated April 20, 2000, designates Danny R. Presley and Pamela J. Presley as the grantors, Daniel R. McGrath as the grantee/buyer, Old Kent Mortgage Company as the original mortgagee, and The Bank of New York as the current mortgagee.  Along with a description of the property and the time and location of the sale, the deed indicates that The Bank of New York, through the mortgage servicer, Select Portfolio Servicing, Inc., had declared the Presleys in default on their payment obligations and had appointed a substitute trustee to enforce the deed of trust previously executed in favor of Old Kent Mortgage Company.  The deed further states that the property was sold and conveyed to the purchaser by the substitute trustee.  

Counsel for McGrath sent the Presleys a notice to vacate and demand for possession dated August 20, 2004.  The notice explained that McGrath had purchased the property on August 3, 2004, that the Presleys had ten days to vacate the premises, and that a suit for forcible detainer would be initiated if they failed to vacate the premises within ten days. 

On September 3, 2004, McGrath brought an action for forcible detainer in the Denton County Justice of the Peace Court against Danny Presley and all other occupants of 713 Foxmoor Drive.  The justice court subsequently awarded possession of the property to McGrath. 

The Presleys appealed to the County Court at Law Number Two in Denton County for a trial de novo.  At trial, counsel for the Presleys argued that a separate suit had been filed in federal court challenging the validity of the foreclosure sale and that this had the effect of raising an issue of title, thus divesting the county court of jurisdiction to consider the suit.  The county court disagreed, however, and allowed the case to proceed.  It later entered a final judgment awarding possession of the property to McGrath.   

III.  Concurrent Actions

In his sole point, Presley argues that the county court lacked jurisdiction to hear McGrath’s forcible detainer action because there existed “a question of title so intertwined with the issue of possession that possession could not, and should not, have been adjudicated without first determining title.”  Presley contends that a concurrent suit filed in federal court challenging the foreclosure sale deprived the county court of jurisdiction to consider McGrath’s forcible detainer action.
(footnote: 2)  McGrath contends that Presley’s mere filing of a parallel suit against third parties, standing alone, did not raise an issue of title in the forcible detainer suit in county court. 

A.  Forcible Detainer

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined.  
See Cattin v. Highpoint Village Apartments
, 26 S.W.3d 737, 738-39 (Tex. App.—Fort Worth 2000, pet. dism’d w.o.j.)
.  It is a special proceeding governed by particular statutes and rules found in sections 24.001 to 24.011 of the Texas Property Code and Texas Rules of Civil Procedure 738 to 755.  
See id
. at 739.  Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property.  
See id
.; 
see also
 
Ward v. Malone
, 115 S.W.3d 267, 270 (Tex. App.—Corpus Christi 2003, pet. denied)
.  Rule 746 provides that “the only issue shall be as to the right to actual possession[,] and the merits of the title shall not be adjudicated.” 
 
Tex. R. Civ. P.
 746;
 Rice v. Pinney
, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).  Thus, to prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.  
See Ward
, 115 S.W.3d at 270; 
Goggins v. Leo
, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ). 

Jurisdiction over a forcible detainer suit is given to a justice court in the precinct where the property is located. 
 
Tex. Prop. Code Ann.
 § 24.004 (Vernon 2000)
; 
Aguilar v. Weber
, 72 S.W.3d 729, 731 (Tex. App.—Waco 2002, no pet.).  Either party may then appeal the justice court’s judgment to the county court for a trial de novo.  
Aguilar
, 72 S.W.3d at 731; 
Cattin
, 26 S.W.3d at 739.
  The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court does not have appellate jurisdiction if the justice court did not initially have jurisdiction.  
See Ward
, 115 S.W.3d at 269; 
Aguilar
, 72 S.W.3d at 731.

A forcible detainer action is cumulative of other remedies, not exclusive.  
See
 
Scott v. Hewitt
, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936); 
Lopez v. Sulak
, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi 2002, no pet.).  Consequently, a forcible detainer action in justice court may be brought concurrently with suits to try title in district court or a “court of competent jurisdiction.”  
See Holcombe v. Lorino
, 124 Tex. 446, 452, 79 S.W.2d 307, 309 (Tex. 1935); 
Rice,
 51 S.W.3d at 709.

B.  Issue of Title Not Raised

In the instant case, McGrath introduced the substitute deed of trust as  evidence of his ownership and immediate right to possession of the property, and Presley did not argue in the county court that the deed was void.  “[T]he Legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession,” and Presley’s suit in federal court challenging the foreclosure sale does not automatically, as he seems to argue, have the effect of raising a genuine issue of title in the justice or county court, thus depriving it of jurisdiciton.  
Lopez
, 76 S.W.3d at 605; 
Dormady v. Dinero Land & Cattle Co., L.C.
, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism’d w.o.j.) (op. on reh’g) (“Dormady has the right to sue in district court to determine whether the trustee’s deed should be cancelled because of foreclosure irregularities, independent of the trial court’s determination in the forcible detainer action that Dinero is entitled to immediate possession of the property.”).  
On this issue, the court in 
Scott 
stated,

If [grantors] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible.  The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, without resorting to an action upon title.  This action allowed by law is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state.

Scott
, 90 S.W.2d at 818-19.  

Moreover, Presley did not present 
specific 
evidence raising a genuine issue of title.  
See Falcon v. Ensignia
, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) (reasoning that specific evidence of a title dispute is required to raise the issue of jurisdiction).  He merely argued that a concurrent suit was under way in federal court, and he allowed the court and McGrath’s counsel to read the complaint.  
Cf. Mitchell v. Armstrong Capital Corp.
, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st
 Dist.] 
1995, writ denied) (holding issue of title raised “by asserting that the Substitute Trustee’s Deed held by Armstrong Capital was void, and by specifically giving notice that litigation was pending in the 268th District Court to set aside the non-judicial foreclosure sale.”)

Finally, Presley argues that the county court lacked jurisdiction for the same reason that the county court in 
A Plus Investments, Inc. v. Rushton 
concluded that it was without jurisdiction to consider a forcible detainer action.  No. 2-03-174-CV, 2004 WL 868866 (Tex. App.—Fort Worth April 22, 2004, no pet.) (mem. op.).  There, the jurisdictional issue was governed by a provision in a home equity security instrument.  
Id
. at *2.  This court affirmed the county court’s dismissal for want of jurisdiction because “the requirements of the Texas Constitution, which were also part of th[e] home equity security instrument, were disregarded.”  
Id
.  In this case, however, Presley does not point to any provision in any of the documents in the record similarly controlling on the issue of jurisdiction.  
A Plus 
is therefore distinguishable and not dispositive of the issue.    

In considering the limited issue before us, we hold that Presley’s concurrent suit in federal court challenging the foreclosure sale did not in and of itself raise the issue of title in the county court.  Thus, the county court retained jurisdiction to consider the sole issue before it of immediate possession.  Accordingly, the county court did not err by entering its final judgment awarding possession of the property to McGrath.  We overrule Presley’s sole point.

IV.  Conclusion

Having overruled Presley’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTIC
E

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: June 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Presley also argues on appeal that the notice provided to the Presleys of the substitute trustee’s sale was defective, thus raising an issue of wrongful forecloseure and title.  
Presley’s notice complaint is not properly before us, however, because in the county court, Presley argued only that the concurrent suit in federal court deprived the court of jurisdiction. [RR: 4-7] The following exchange took place:

The Court: All right.  Let me ask: Do you want opening?

Mr. Brinkley: No Your Honor, but I would like to invite the Court that there was a separate suit filed that puts title at issue.

The Court: Where is it filed?

Mr. Brinkley: It was filed in federal court, Northern District, Dallas I believe.

The Court: You’ve got a federal case on this?

Mr. Brinkley: Yes, Your Honor.  There are a lot of related federal claims.

The Court: And what’s your position as to whether or not this Court is in a position to grant possession only, no title issues but . . .

Mr. Brinkley: I - - I believe that under the case law it would be most appropriate for the Court to hold this in abeyance until - - until there is a decision about the validity - - the validity of the sale.