

# NUMBER 13-19-00037-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ELOY GOMEZ,                                                      Appellant,

v.

REY EDUARDO ESQUIVEL,                                           Appellee.

**On appeal from the 357th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Perkes**

This interlocutory appeal arises from the trial court's denial of appellant Eloy
Gomez's request for a temporary injunction in a breach of contract suit filed against
appellee Rey Eduardo Esquivel. Gomez raises one issue on appeal, asserting that the
trial court erred in denying his motion for a temporary injunction on the basis that "it lacked

jurisdiction to enjoin an eviction." Esquivel requests in a cross-point and separately filed motion that this Court impose attorney's fees, damages, and sanctions on Gomez for filing a frivolous appeal. We affirm and deny Esquivel's motion.

## I.     BACKGROUND

On June 22, 2017, Gomez entered into a three-month written lease agreement with Esquivel concerning residential property in Harlingen, Texas. Gomez expressed interest in purchasing the home, and after the lease expired in October, the men agreed to renew the written lease with an expiration date of January 2018. In January 2018, Gomez and Esquivel entered into a real estate sales contract, with a closing date scheduled for March 30, 2018. The two men renewed the lease once more in the interim. Gomez lacked the funds to close in March, and following another lease renewal, he began falling behind on his lease payments in April.

Esquivel subsequently filed a petition against Gomez in the justice court, seeking immediate possession of the property through a forcible detainer action. On August 2, 2018, the justice court issued a judgment in eviction. Gomez appealed the eviction to the county court. On October 30, 2018, the county court issued a writ of possession. Gomez filed an "Emergency Motion for Re-Hearing [and] Motion to Set Aside Writ of Possession." The county court denied Gomez's motion on November 9th. Gomez did not file a supersedeas bond in an amount set by the county court or attempt to stay the county court's ruling.

On November 6, 2018, after the writ's issuance but before the county court denied Gomez's request for re-hearing, Gomez filed an "Original Petition for Breach of Contract,

2

Specific Performance, and Request for Injunctive Relief" in the 357th District Court.[1] In his request for relief in the district court, Gomez sought to stay the county court's writ of possession order. Gomez complained that there remained a question of title which must be answered in conjunction with the question of right to immediate possession—thereby stripping the jurisdiction of the justice and county courts to preside over the forcible detainer action. The trial court granted Gomez's temporary restraining order, enjoining Esquivel from executing the county court's writ of possession and scheduled a hearing on Gomez's request for temporary injunction.

On December 21, 2018, the district court held a hearing on Gomez's motion for injunctive relief, denied Gomez's request for temporary injunction, and dissolved its previous temporary restraining order. This appeal followed.

## II.    ANALYSIS

Gomez principally argues that (1) the justice and county court were "deprived of jurisdiction"; therefore, (2) the district court has the exclusive jurisdiction to determine right of title and right of immediate possession, and it erred in determining otherwise and denying Gomez's request for temporary injunction on that basis. Esquivel counters that Gomez's arguments are an inappropriate appellate challenge to the justice and county court's subject-matter jurisdiction.[2]

---

[1] In his petition, Gomez asserted that prior to the sales contract, the two men had entered into a lease agreement with an option to purchase. However, at the hearing on his request for temporary injunction, Gomez conceded that the lease did not include an option to buy but maintained that it was an unwritten understanding that he shared with Esquivel.

[2] Esquivel specifically contends:

[Gomez] should have objected in the County Court, requested a bond and appealed the adverse ruling of the County Court. Filing a Request for an injunction in the District Court seeking to enjoin the County Court ruling and then appealing the denial of said request

3

## A.    This Court's Jurisdiction

As a procedural matter, we first note that this is an interlocutory appeal from the district court. As the exception to the general rule that only final judgments are appealable, this Court's jurisdiction to consider immediate appeals of interlocutory orders is limited to what is explicitly provided for by statute. *See* TEX. CIV. PRAC. & REM. CODE Ann. § 51.014; *see also CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex. 2011) (holding appellate courts strictly apply statutes granting interlocutory appeals). While certain jurisdictional matters can be considered for the first time on appeal even when they are outside the scope of the interlocutory appeal, such cases concern questions of the trial court's subject-matter jurisdiction or matters that "implicate[ ] a court's subject-matter jurisdiction over pending claims." *Rusk State Hosp. v. Black,* 392 S.W.3d 88, 94–96 (Tex. 2012); *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, ___ S.W.3d. ___, ___, No. 17-0736, 2020 WL 499243, at *4 (Tex. Jan. 31, 2020) (providing that subject-matter jurisdiction is an issue that may be raised for the first time on appeal and may not be waived by the parties (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993))). Most often, such jurisdictional issues are raised in the context of whether the trial court has jurisdiction to issue the appealed-of ruling. *See, e.g.*, *Occidental Chem. Corp. v. ETC NGL Transp., LLC*, 425 S.W.3d 354, 359 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd) (holding that in an appeal of a temporary injunction, the court may consider whether the injunction is void for lack of subject-matter jurisdiction). Inversely, Gomez argues that the district court erred in holding that it *did not*

circumvents the appellate process and flies against all established rules of Appellate Procedure.

4

have the exclusive jurisdiction to issue a stay of the county court's writ of possession, and that the court erred in denying Gomez's request for temporary injunction on that basis.

Neither party disputes whether the trial court has jurisdiction to preside over Gomez's suit. Gomez narrowly asserts the trial court erred in its analysis of whether it had jurisdiction to execute Gomez's specifically requested relief—a stay the county court's writ of possession.

## B.     Right of Immediate Possession and Right of Title

The nexus of this appeal arises out of a forcible detainer proceeding in the justice court. TEX. PROP. CODE ANN. § 24.002(a). In eviction suits, the justice court has jurisdiction to determine who has a superior right of immediate possession. *See id.* § 24.0051 (establishing procedures applicable for suit filed in justice court seeking eviction based on unpaid rent)*; see also* TEX. R. CIV. P. 510.1 (providing that Rule 510 "applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code"); *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

A tenant subject to an eviction judgment may appeal the justice court's judgment to the county court, which must then review the case de novo. *See* TEX. R. CIV. P. 510.9, 510.10(c); *see Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (1936) (providing that the Texas Legislature has limited appellate jurisdiction in appeals from forcible detainer eviction proceedings because forcible detainer actions exist to provide "speedy, summary, and inexpensive determinations" to questions of immediate possession of real property). Should the landlord prevail and the county court issue a writ of possession, pursuant to the rules, "[t]he judgment of the county court may not be stayed *unless* within 10 days

from the judgment the appellant files a supersedeas bond in an amount set by the county court pursuant to Section 24.007 of the Texas Property Code." TEX. R. CIV. P. 510.13 (emphasis added); *see In re Invum Three, LLC*, 530 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

While the subject-matter jurisdiction of a justice court, and by extension, a county court, are limited to questions of superior right of immediate possession of real property, questions of title are left to the district court. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.) ("[T]he displaced party is entitled to bring a separate suit in the district court to determine the question of title." (citing *Scott*, 90 S.W.2d at 818–19)); *see also Garcia v. Green Tree Servicing LLC*, No. 13-13-00694-CV, 2014 WL 1465037, at *3 (Tex. App.—Corpus Christi–Edinburg Apr. 10, 2014, no pet.) (mem. op.). The mere existence of a title dispute, however, will not deprive the justice or county court of its jurisdiction to declare right of immediate possession. *Rice*, 51 S.W.3d at 709–13. "Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court." *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). In order to defeat jurisdiction, the title issue must be "so integrally linked to the issue of possession that possession may not be determined without first determining title." *Falcon v. Ensignia,* 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.); *see also Garza v. Estate of Olivarez*, No. 13-17-00265-CV, 2018 WL 3768505, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, no pet.) (mem. op.) (noting that although a landlord-tenant relationship is "not a prerequisite to jurisdiction, the lack of such a relationship indicates that the case may present a title issue").

6

Here, Esquivel obtained a judgement in eviction, which Gomez appealed to the county court. *See* Tᴇx. Pʀᴏᴘ. Cᴏᴅᴇ Aɴɴ. § 24.0051; Tᴇx. R. Cɪᴠ. P. 510.9. Following an unfavorable judgment in the county court, Gomez did not file a supersedes bond. *See* Tᴇx. R. Cɪᴠ. P. 510.13 (requiring the filing of a "supersedeas bond in an amount set by the county court" within ten days from judgment to stay a writ of possession). Instead, Gomez filed a breach of contract suit in the district court, and via a temporary injunction, he requested that the district court stay the county court's writ of possession. Gomez then argued in the district court that the justice and county court lacked subject-matter jurisdiction to determine right to immediate possession of the property because there existed a superseding right to title question.

Gomez is correct in his assertions that the district court alone may determine right to title. However, Gomez is incorrect that the existence of the right to title question here has stripped the justice and county court of their jurisdiction to answer the question of immediate possession. Gomez argues this case is analogous to *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). We disagree. Our sister court in *Mitchell*, held that the justice court and county court lacked subject-matter jurisdiction where evidence indicated that the property at issue was subject to a voided deed and that litigation was on-going in a district court to set aside a non-judicial foreclosure sale. *Id.* In *Mitchell*, the question of who held right of immediate possession was exclusively dependent on answering who held title to the property. *Id.* Whereas, here, the facts concerning immediate possession are under no such restraint. Gomez does not dispute the existence of a lease agreement, *see Rice*, 51 S.W.3d at 709–13; *see also Garza*, 2018 WL 3768505, at *3, and the undisputed landlord-tenant

7

relationship acts to "provide[] an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." *Rice*, 51 S.W.3d at 712; *Aguilar v. Weber*, 72 S.W.3d 729, 733 (Tex. App.—Waco 2002, no pet.) (observing that the *Mitchell* court was without evidence of "any type of landlord-tenant relationship or any other independent basis on which the trial court could decide the immediate possession issue").

We observe that Gomez presented evidence of a potential title issue in the form of a non-effectuated sales contract—which Gomez concedes he lacked the necessary funds at the time of closing and thereafter lost financing. *See Falcon,* 976 S.W.2d at 338; *see also Hossain v. Fed. Nat'l Mortgage Ass'n*, No. 14-14-00273-CV, 2015 WL 3751548, at *3 (Tex. App.—Houston [14th Dist.] June 16, 2015, pet. dism'd w.o.j.) (mem. op.) (acknowledging that "[c]hallenges to the validity of the sale thus do not deprive the justice or county courts of jurisdiction"). However, to hold, as Gomez would suggest, that the filing of a concurrent suit in district court challenging the validity of a contract precludes a forcible detainer suit in justice court would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues. *See Rice*, 51 S.W.3d at 712; *see also Garcia*, 2014 WL 1465037, at *3.

Therefore, the trial court was correct in its conclusion that where the question of immediate right to possession was answerable independently from the right to title question, it was without authority to strip the justice and county court of their respective subject-matter jurisdictions to preside over the forcible detainer actions. *See Lopez*, 76 S.W.3d at 605; *Falcon*, 976 S.W.2d at 338. We overrule Gomez's sole issue on appeal.

## C.    Inadequate Briefing

Intertwined with his jurisdictional argument, Gomez complains that the trial court erred in denying his request for temporary injunction. Gomez, however, does not brief the merits of a temporary injunction.

An applicant seeking a temporary injunction must plead and prove the following three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002); *see also Midstate Envtl. Servs., LP v. Atkinson*, No. 13-17-00190-CV, 2017 WL 6379796, at *2 (Tex. App.— Corpus Christi–Edinburg Dec. 14, 2017, no pet.) (mem. op.). Gomez provides no discussion or citation to the record or caselaw to set out, develop, or prove the elements required for a temporary injunction.

In failing to adequately brief a complaint, Gomez waives the issue on appeal. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate courts have discretion to deem points of error waived due to inadequate briefing); *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.); *see, e.g.*, *Guerrero v. Satterwhite*, No. 13-11-00181-CV, 2011 WL 3855741, at *4 (Tex. App.— Corpus Christi–Edinburg Aug. 31, 2011, no pet.) (mem. op.) (holding an argument was inadequately briefed where the non-movant failed to "identify which element or elements [the movant for the temporary injunction] allegedly failed to prove").

### III.    MOTION FOR ATTORNEY'S FEES, DAMAGES, AND SANCTIONS

Esquivel requests that this Court find that Gomez's appeal is frivolous and assess attorney's fees, damages, and sanctions under Rule 45 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 45. As a result of Gomez's appeal, Esquivel has been unable to execute the writ, incurred an additional $7,000 in attorney's fees, and Gomez remains on the property rent-free. Esquivel further requests sanctions in the amount of $3,000 and back-owed rent, accrued throughout the duration of this appeal, in the amount of $11,000.

We may award a prevailing party "just damages" if, after careful deliberation, we objectively determine that an appeal is frivolous. *Id.*; *Smith v. Brown*, 51 S.W.3d 376, 380–81 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that his case could be reversed. *In re M.D.G.*, 527 S.W.3d 299, 306 (Tex. App.—El Paso 2017, no pet.); *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.) ("An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith.").

The imposition of such sanctions is rare; therefore, the decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with substantial prudence. *Dall. Cty. City of Grand Prairie v. Sides*, 430 S.W.3d 649, 654 (Tex. App.—Dallas 2014, no pet.); *see also Woods v. Kenner*, 501 S.W.3d 185, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (observing that Rule 45 does not require the Court to award just damages in every case in which an appeal is frivolous).

Esquivel contends that Gomez had no reasonable grounds to believe his claim would succeed, and that Gomez prosecuted this appeal "without observing the minimal procedural requirements for an appeal." After a review of the record, briefing, and other papers filed in this Court, we deny Esquivel's motion. *See* TEX. R. APP. P. 45; *see also Woods*, 501 S.W.3d at 198; *Smith*, 51 S.W.3d at 381.

## IV.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Delivered and filed the
19th day of March, 2020.