**AFFIRM; and Opinion Filed May 8, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00067-CV

### DALLAS COUNTY CITY OF GRAND PRAIRIE, GRAND PRAIRIE INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, DALLAS COUNTY SCHOOL EQUALIZATION FUND, Appellants
### V.
### BOBBY E. SIDES AND MARSHA LYNNE SIDES, Appellees

### On Appeal from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. TX-10-30780

## OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

The County of Dallas, the City of Grand Prairie, the Grand Prairie Independent School District, the Dallas County Community College District, the Parkland Hospital District, and the Dallas County School Equalization Fund (collectively, the "Taxing Authorities") appeal the trial court's Order Relating to Excess Proceeds. The order awarded appellees excess proceeds from the Taxing Authorities' foreclosure of a tax lien and sale of property to satisfy that lien. The Taxing Authorities challenge (1) the trial court's conclusion they lacked standing to present evidence on the issue of abandonment of the property, and (2) the actual exclusion of that evidence of abandonment. Appellees seek an award of attorney's fees, claiming the Taxing

Authorities' appeal is frivolous. We affirm the trial court's order, but we decline to award attorney's fees in this case.

## Background

The Taxing Authorities sued appellees for more than $900,000 in unpaid property taxes on a large piece of commercial property in Grand Prairie; the taxes had accrued between 1988 and 2010. The parties entered into an agreed judgment for the amount owed, and that judgment is not at issue on appeal.

After the judgment was signed, the Taxing Authorities sold the property. The delinquent taxes were paid in full from the proceeds, and excess proceeds of $1,068,186.69 were deposited in the trial court's registry. Appellees sought to recover the excess funds. The Taxing Authorities responded, (1) seeking to have unpaid taxes from 2011 and 2012 paid from the proceeds, and (2) opposing any distribution of the proceeds to appellees on the ground that appellees had abandoned their right to claim those proceeds. Faced with competing claims for the proceeds, the trial court requested briefing from the parties. The court then issued a preliminary letter ruling, stating:

> The court has received the briefs requested by the court and filed by the parties, and will hold that the "Taxing Authorities" do not have standing to assert abandonment as a reason to not allow Defendants recovery of excess proceeds. The Court will hear Defendants' motion for Excess Proceeds on October 24, 2012 at 10:30 a.m. If the "Taxing Authorities" desire to offer proof on the abandonment issue for appellate purposes, affidavits for that purpose should be filed prior to October 10, 2012. And, if Defendants counter affidavits are filed [sic], they should be filed by October 17, 2012. The Court does not intend to hear any evidence on the issue of abandonment.

At the hearing, the court expanded on its ruling concerning the defense of abandonment:

> Let me just state that in furtherance of the ruling announced in my September 18th letter, I'll not hear nor consider any evidence or objections to evidence in furtherance or reply to the tax authorities' theory of abandonment of tax excess proceeds. Under Tax Code Section 34.021 and those sections following, the only provision I find for losing the right to excess proceeds is not filing before the second anniversary of the date of the sale.

> Our statutes being permissive and not exclusionary, the issue of abandonment cannot and will not be considered by this Court. A bill of review is not appropriate in this situation just to urge a claim never recognized by statute or prior case law.

The appellees offered evidence that Bobby Sides held legal title to the property at the time of the tax foreclosure and sale. The Taxing Authorities offered evidence of post-judgment unpaid taxes. Ultimately, the trial court ordered the post-judgment taxes to be paid from the excess proceeds and ordered the remaining balance to be released to appellees. The Taxing Authorities appeal.

## Abandonment

The Taxing Authorities acknowledge that Texas law does not recognize abandonment of title to real property. *See Rogers v. Ricane Enters., Inc*., 772 S.W.2d 76, 80 (Tex. 1989). They argue, however, that appellees abandoned or waived their "incorporeal rights" associated with the property, including the right to claim excess proceeds from the sale of the property. The Taxing Authorities contend appellees abandoned this right "by denying ownership by action and by legal documents."

### *The Trial Court's Ruling*

In their first issue, the Taxing Authorities argue the trial court erred "by finding the Taxing Authorities did not have legal standing to present any evidence on a number of theories including abandonment of right to excess proceeds." The Taxing Authorities focus on the word "standing," in the letter the trial court wrote concerning its preliminary ruling on the Taxing Authorities' claim that appellees had abandoned the property. We agree with the Taxing Authorities that the tax code gives them standing to make a claim for excess proceeds. *See* TEX. TAX CODE ANN. § 34.04(a) (West 2008) ("A person, including a taxing unit . . . may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds."). Moreover, the Taxing Authorities' claim for unpaid taxes holds statutory priority

–3–

over the appellees' claim as former owners of the property. *See id.* § 34.04(c)(2), (5). However, at the hearing on the competing claims to the excess proceeds, the trial court made clear its ruling was actually based on the substance of the Taxing Authorities' claim, not on their standing to bring that claim or any other.[1] As the hearing began, the judge stated that he would not hear or consider any evidence of abandonment of excess proceeds—he would not allow the Taxing Authorities "to urge a claim never recognized by statute or prior case law." Instead, the judge pointed out that he had reviewed the tax code sections at issue, and "the only provision [he found] for losing the right to excess proceeds is not filing before the second anniversary of the date of the sale." Based on this record, we conclude the trial court's decision not to consider the Taxing Authorities' theory of abandonment was a substantive legal ruling concerning the legal viability of that claim, based on the court's understanding of Texas law, not based on jurisdiction..

*The Taxing Authorities' Abandonment Argument*

As we stated above, settled Texas law does not recognize the abandonment of title to real property. *Rogers*, 772 S.W.2d at 80. The Taxing Authorities attempt to distinguish their argument by casting the dispute as one of ownership. They claim that certain aspects of ownership—here the right to the excess proceeds—can somehow be abandoned while title is not abandoned.

Ownership is significant in at least two statutes at issue in this case. First, the Texas Tax Code states the basic premise of property tax liability: "property taxes are the personal obligation of the person who *owns* or acquires the property on January 1 of the year for which the tax is imposed." TEX. TAX CODE ANN. § 32.07(a) (emphasis added). And second, when

---

[1] We note that the Taxing Authorities' first issue complains of the trial court's ruling on "a number of theories including abandonment of right to excess proceeds." Our review of the record establishes that the Taxing Authorities have not identified any theory other than abandonment of the right to excess proceeds that they wished to present, but were foreclosed from presenting to the trial court.

–4–

defining the recipient of excess proceeds after all obligations are paid, the code states the proceeds go "to each former *owner* of the property, as the interest of each may appear." *Id.* § 34.04(c)(5) (West Supp. 2013) (emphasis added).

Statutory construction is a legal question, which we review de novo. *State ex rel. State Dept. of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). The tax code does not define "owner" or simply "to own." But the general rule is well-settled: "The person having legal title to property is generally considered to be the owner thereof for purposes of taxation." *Childress County v. State*, 127 Tex. 343, 349 (1936). The Taxing Authorities relied below on the fact that appellees held legal title to the property for purposes of collecting the unpaid property taxes.[2] The fact that one or more of the appellees held title to the property before it was sold also establishes their right to claim the excess proceeds as the former owner.[3]

Given that status of ownership, the trial court correctly identified the only possible impediment to appellees' recovery of the excess proceeds: a failure to bring their claim within two years. *See* TEX. TAX CODE ANN. § 34.04(a). Appellees brought their claim timely. Because they made a claim based on ownership, within two years, they were entitled to the excess proceeds.

We overrule the Taxing Authorities' first issue.

---

[2] Indeed, in the Taxing Authorities' initial response to appellees' Petition for Excess Proceeds, they stated, "On January 1, 2012, Defendants Bobby and Marsha Sides held record title to the subject property."

[3] The Taxing Authorities make much of appellees' original answer in the suit to collect the unpaid property taxes. The Taxing Authorities sued both Bobby and Marsha Sides and made all their allegations against the "Defendants" collectively. However, as the Taxing Authorities have acknowledged, only Bobby Sides was the record owner of the property. Thus the "Defendants" properly denied being liable to the Taxing Authorities in the capacity in which they were sued. This was not a denial of ownership on the part of Bobby Sides.

*The Taxing Authorities' Evidentiary Issues*

In their second issue, the Taxing Authorities contend the trial court erred in excluding their evidence on the issue of "ownership" of the property when determining the appellees' claim to excess proceeds. Actually, the Taxing Authorities' brief acknowledges the evidence it wished to offer was evidence of abandonment, including testimony concerning code violations, lack of maintenance on the property, and the existence of an "environmental cesspool." We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005).

We have concluded the Taxing Authorities' legal theory concerning abandonment of ownership rights must fail. The right to the excess proceeds in this case was governed by Bobby Sides's holding legal title to the property before it was sold at foreclosure. None of the Taxing Authorities' evidence concerning activities or conditions on the property was relevant to the trial court's inquiry of who was entitled to the excess proceeds. A trial court does not abuse its discretion by excluding evidence of an irrelevant legal theory. *See* TEX. RS. EVID. 401, 402.

We overrule the Taxing Authorities' second issue.

**Attorney's Fees**

Appellees contend this appeal is frivolous and ask for attorney's fees pursuant to rule 45 of the Texas Rule of Appellate Procedures. That rule provides:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45.

"An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *Njuku v.*

*Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied). We have said we will impose sanctions only under circumstances we find truly egregious. *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.). Although we have rejected the Taxing Authorities' contentions on appeal regarding the trial court's disposition of the excess proceeds, we do not conclude the circumstances of this appeal were truly egregious. We decline to award appellees attorney's fees pursuant to rule 45.

### Conclusion

We affirm the trial court's Order Relating to Excess Proceeds.


/David Lewis/
DAVID LEWIS
JUSTICE


130067F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COUNTY OF DALLAS, CITY OF GRAND
PRAIRIE, GRAND PRAIRIE
INDEPENDENT SCHOOL DISTRICT,
DALLAS COUNTY COMMUNITY
COLLEGE DISTRICT, PARKLAND
HOSPITAL DISTRICT, AND DALLAS
COUNTY SCHOOL EQUALIZATION
FUND, Appellants

On Appeal from the 101st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-10-30780.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

No. 05-13-00067-CV          V.

BOBBY E. SIDES AND MARSHA LYNN
SIDES, Appellees

        In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

        It is **ORDERED** that appellees Bobby E. Sides and Marsha Lynn Sides recover their
costs of this appeal from appellants County of Dallas, City of Grand Prairie, Grand Prairie
Independent School District, Dallas County Community College District, Parkland Hospital
District, and Dallas County School Equalization Fund.


Judgment entered this 8th day of May, 2014.




                                        /David Lewis/
                                        _____
                                        DAVID LEWIS
                                        JUSTICE