**DISMISS and Opinion Filed November 17, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-01188-CV

## IN RE CRETIC ENERGY SERVICES, LLC; CATAPULT ENERGY SERVICES GROUP LLC; NGP CAPITAL MANAGEMENT, LLC, Relators

### Original Proceeding from the 101st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-18-05978

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Goldstein

Relators have moved to voluntarily dismiss their mandamus petition. Real parties in interest have moved for sanctions. We deny sanctions and dismiss this original proceeding.

Relators petitioned for a writ of mandamus to compel a ruling on their motion to designate a responsible third party. The same day, we stayed the trial and requested a response.

Real parties moved to dismiss this proceeding, arguing that a responsible-third-party designation was inappropriate because the target of the designation was

already a named party to the case. Real parties moved for appellate sanctions against relators for bringing a frivolous mandamus action.

The parties then announced to the trial court that they had settled the case. Relators moved this Court to dismiss their mandamus petition and argued that because the underlying proceeding had been resolved, any sanction issue was now moot. Real parties opposed the motion to dismiss, arguing that the petition was frivolous and that the resolution of the underlying proceeding did not moot their request for appellate sanctions.

We conclude that the settlement does not moot the request for appellate sanctions. On this point, we draw guidance from *In re Thompson*, where we held that "[t]he settlement of the underlying proceeding . . . does not render moot the issue of sanctions or deprive this Court of jurisdiction over this issue." No. 05-99-00251-CV, 1999 WL 395857, at *1 (Tex. App.—Dallas June 17, 1999, orig. proceeding) (not designated for publication). We nonetheless declined to issue sanctions "in the exercise of our discretion and in the interest of judicial economy." *Id.*

We take the same approach here because relators' petition is not entirely frivolous. Under rule 45, we are authorized "to award 'just damages' if we determine an appeal is 'frivolous' based on consideration of 'the record, briefs, or other papers filed in the court of appeals.'" *D Design Holdings, L.P. v. MMP Corp.*, 339 S.W.3d 195, 205 (Tex. App.—Dallas 2011, no pet.) (quoting TEX. R. APP. P. 45). "An appeal is frivolous if, at the time asserted, the advocate had no reasonable

grounds to believe judgment would be reversed or when an appeal is pursued in bad faith." *Dall. Cnty. v. Sides*, 430 S.W.3d 649, 654 (Tex. App.—Dallas 2014, no pet.). "The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation." *Owen v. Jim Allee Imports, Inc.*, 380 S.W.3d 276, 290 (Tex. App.—Dallas 2012, no pet.). "Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious." *Id.* "[A]n issue's lack of merit does not necessarily equate to bad faith." *Byrd v. Hutton*, No. 05-19-01191-CV, 2020 WL 4013150, at \*6 (Tex. App.—Dallas July 16, 2020, pet. denied) (mem. op.).

Relators' primary complaint was the trial court's alleged failure to rule on a pending motion, which was arguable in good faith in light of the trial court's delay. *See, e.g.*, *In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). Because relators' filings were not wholly frivolous, we deny the motion for sanctions.

However, the settlement of the case moots the issue underlying this mandamus proceeding: whether to designate a responsible third party. *See In re Dilick*, No. 01-14-00667-CV, 2015 WL 457802, at \*1 (Tex. App.—Houston [1st Dist.] Feb. 3, 2015, orig. proceeding) (per curiam) (mem. op.) (holding that resolution of the underlying case mooted mandamus over responsible-third-party designation).

We therefore lift the stay imposed by our earlier order and grant relators' motion to voluntarily dismiss their mandamus petition.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

221188F.P05